IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **CEASARS ENTERTAINMENT** | ) | **Chapter 11** |
| **OPERATING COMPANY, INC.** | ) | |
| jointly administered with | ) | |
| **HORSESHOE HAMMOND, LLC** | ) | Case No.  15-BK-01145 |
| | ) | Jointly Administered |
| Debtor, | ) | |
| | ) | |
| | ) | **Judge A. Benjamin Goldgar** |
| | ) | Hearing Time: October 21, 2015, 1:30pm |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Danielle Ruiz, as Special Administrator of the Estate of Anton Jamros, ("Petitioner"), by counsel, pursuant to 11 U.S.C. §362(d), moves this Court for entry of an order modifying the automatic stay to enable her cause of action commenced in the Circuit Court of Cook County, as hereinafter defined, to proceed and in support of thereof, Petitioner states as follows:

1.	On January 15, 2015, (the "Petition Date"), Caesars Entertainment Operating Company ("CEOC") and several of its subsidiaries, including Horseshoe Hammond LLC ("Debtor") filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.	Prior to the Petition Date,  Petitioner filed her Complaint at Law in a civil action for breach of contract in the Circuit Court of Lake County ("Circuit Court Proceedings") against certain defendant, Horseshoe Hammond LLC. A copy of the Complaint filed in the Circuit Court Proceeding is attached hereto as Exhibit A.

3.	Upon information and belief, Debtor is covered by insurance policies applicable to

the Petitioner's claims in the Circuit Court Proceedings.

4. Petitioner is willing to and agrees to seek collection from Debtor only to the extent of any insurance applicable to Petitioner's claims in the Circuit Court Proceedings, with any amounts so recovered to offset Petitioner's previously filed proof of claim in this case..

5. Petitioner is a party in interest and as such has standing to petition this Court for relief from the automatic stay.

6. Pursuant to the provisions of 11 U.S.C. 362(d), the Court may grant relief from stay "for cause." 11 U.S.C. 362(d)(1). Cause exists for the modification of the automatic stay to enable Petitioners to continue to pursue recovery in the Circuit Court Proceeding.

7. Good cause exists to modify the stay to allow Petitioner to proceeds with the Circuit Court Litigation against Debtors.

WHEREFORE, Petitioner, Danielle Ruiz, as Special Administrator of the Estate of Anton Jamros, moves the Court to enter the attached Order:

a. Modifying the automatic stay imposed by §362 of the Bankruptcy Code to allow the civil action commenced in the Circuit Court of Cook County, Illinois under case number 2010-L-001318, limiting Petitioners recovery to applicable insurance proceeds;

b. Limiting Petitioner's recovery from the Debtors to the limits of the liability of applicable insurance policies and coverage and allowing any amounts so recovered to be offset against Petitioner's claim filed; and

c. Granting such other relief as the Court deems just and equitable.

        Danielle Ruiz, as Special Administrator
        of the Estate of Anton Jamros, Petitioner


        By:  /s/Bernard A. Henry

        One of her attorneys


Jerome F. Crotty, Esq.
ARDC #: 00549053
Bernard A. Henry, Esq.
ARDC#: 06292992
Rieck and Crotty, P.C.
Attorney for Danielle Ruiz, as
Special Administrator of the
Estate of Anton Jamros,
55 West Monroe Street, Suite 3625
Chicago, Illinois 60603
Phone: (312) 726-4646