**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CAESARS ENTERTAINMENT<br>OPERATING COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-01145 (ABG)<br><br>(Jointly Administered) |

**DECLARATION OF JOSHUA M. MESTER IN SUPPORT OF**
**MOTION OF THE OFFICIAL COMMITTEE OF SECOND PRIORITY**
**NOTEHOLDERS TO RECONSIDER ORDER GRANTING DEBTORS'**
**APPLICATION FOR RETENTION OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

I, Joshua M. Mester, being duly sworn, state the following under penalty of perjury:

1. I am a partner of the law firm of Jones Day, located at 555 South Flower Street, Los Angeles, California 90071.[2]  I am a member in good standing of the Bar of the State of California.  There are no disciplinary proceedings pending against me.

2. I submit this declaration in support of the *Motion Of The Official Committee Of Second Priority Noteholders To Reconsider Order Granting Debtors' Application For Retention Of Kirkland & Ellis LLP And Kirkland & Ellis International LLP* (the "Motion").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. Attached hereto as Exhibit A is a true and correct copy of a Form 8-k filed by CEC on March 26, 2014.

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. Due to the large number of Debtors in these jointly-administered cases, a complete list of the Debtors is not provided herein, but is available at https://cases.primeclerk.com/CEOC, the website of the Debtors' claims and noticing agent.

[2] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Motion.

4. Attached hereto as Exhibit B is a true and correct copy of Form 8-k filed by CEC on April 4, 2014.

5. Attached hereto as Exhibit C is a true and correct copy of the Complaint filed in *Caesars Entertainment Operating Company, Inc. v. Appaloosa Investment Limited Partnership I*, No. 652392/2014 in the New York Supreme Court on Aug. 5, 2014.

6. Attached hereto as Exhibit D is a true and correct copy of excerpts of the transcript of the deposition of James Sprayregen.

7. Attached hereto as Exhibit E is a true and correct copy of an articles entitled *Caesars Refinancing Battle Intensifies in NY, DE State Courts*, published by Reorg Research on August 5, 2014.

8. Attached hereto as Exhibit F is a true and correct copy of an email from Alexandra Mishkin to Chic Dohoney and Scott Wiegand on November 12, 2014 (the "Mishkin Email").

9. Attached hereto as Exhibit G is a true and correct copy of the minutes of the meeting of the Board of Directors of CEOC on August 3, 2014 (the "Original Minutes").

10. Attached hereto as Exhibit H is a true and correct copy of the Official Committee Of Second Priority Noteholders' Amended Request For Production Of Documents To Kirkland & Ellis.

11. Attached hereto as Exhibit I is a true and correct copy of the Consent of the Board of Directors of CEOC dated June 10, 2015 (the "Revised Minutes").

12. Attached hereto as Exhibit J are excerpts of the time entries attached to the *First Interim Fee Application Of Kirkland & Ellis LLP And Kirkland & Ellis International LLP,*

*Attorneys For The Debtors And Debtors In Possession, For The Period From January 15, 2015 Through And Including May 31, 2015* [ECF No. 1903].

13. Attached hereto as <u>Exhibit K</u> is a true and correct copy of the Written Response to Deposition Question signed by Steven Winograd.

14. In May 2015, CEC produced documents to Jones Day in the Delaware Chancery Court action commenced by Wilmington Savings Fund Society, FSB. CEC's production included the Mishkin Email and the Original Minutes. At or about the time that CEC produced the Mishkin Email and the Original Minutes to Jones Day, CEC alone had produced more than 4,000 documents consisting of more than 32,000 pages.

15. CEC also produced the Mishkin Email and the Original Minutes to the Examiner appointed in these cases. In July 2015, the Examiner made CEC's document production available to Jones Day pursuant to the Court's *Order (I) Approving Protocol And Procedures Governing Examiner Discovery, (II) Approving Establishment Of A Document Depository, And (III) Granting Related Relief*. By the end of July 2015, CEC and CEOC had produced to either the Noteholder Committee or the Examiner in excess of 65,000 documents consisting of more than 670,000 pages.

16. During the September 10, 2015 deposition of Steven Winograd in the involuntary proceeding, Kirkland asserted that the Original Minutes were privileged and demanded that the document be returned to Kirkland for redaction. On September 21, 2015, counsel for the Petitioning Creditors refused to do so on, among other grounds, the fact that CEOC waived the privilege when it shared the minutes with its auditors. Thereafter, CEOC dropped its privilege claim.

17. On September 23, 2015, CEOC produced a copy of the Original Minutes and the Revised Minutes to the Petitioning Creditors in the involuntary proceeding. The Original Minutes were not produced to the Noteholder Committee in advance of the hearing or the Court's decision on the Kirkland application.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  October 21, 2015                                    Respectfully submitted,

Chicago, Illinois

                                                                  */s/ Joshua M. Mester*
                                                              Joshua M. Mester