**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CAESARS ENTERTAINMENT<br>OPERATING COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-01145 (ABG)<br><br>(Jointly Administered) |

**NOTICE OF MOTION REGARDING OFFICIAL COMMITTEE OF SECOND
PRIORITY NOTEHOLDERS' MOTION FOR ENTRY OF ORDER RESTRICTING
PUBLIC ACCESS TO MATERIALS DESIGNATED AS CONFIDENTIAL**

  **PLEASE TAKE NOTICE** that on October 21, 2015, the Official Committee of Second Priority Noteholders (the "Noteholder Committee") appointed in the above-captioned cases filed the *Official Committee of Second Priority Noteholders' Motion for Entry of Order Restricting Public Access to Materials Designated as Confidential* (the "Motion").

  **PLEASE TAKE FURTHER NOTICE** that on **November 18, 2015, at 1:30 p.m. (prevailing Central Time)** or as soon thereafter as counsel may be heard, the Noteholder Committee will appear before the Honorable A. Benjamin Goldgar, or any other judge who may be sitting in his stead, in Courtroom 2525 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and present the Motion.

  **PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court by **November 11, 2015, at 4:00 p.m. (prevailing Central Time)** and served so as to be actually received by such time by: (a) counsel to the Noteholder Committee; (b) counsel to the Debtors; (c) the Office of the United States Trustee for the Northern District of Illinois; and (d) any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. A schedule of such parties may be found at https://cases.primeclerk.com/CEOC.

  **PLEASE TAKE FURTHER NOTICE** that copies of the Motion as well as copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by Prime Clerk LLC, the claims and noticing agent for these chapter 11 cases, available at https://cases.primeclerk.com/CEOC or by calling (855) 842-4123 within the United States or Canada or, outside of the United States or Canada, by calling +1 (646) 795-6969. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/CEOC.

Dated: October 21, 2015
      Chicago, Illinois

Respectfully submitted,

*/s/ Timothy W. Hoffmann*
Timothy W. Hoffmann (No. 6289756)
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
thoffmann@jonesday.com

Bruce Bennett
James O. Johnston
Sidney P. Levinson
Joshua M. Mester
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071

-and-

Geoffrey Stewart
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C.  20001

*Counsel for Official Committee of Second Priority Noteholders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CAESARS ENTERTAINMENT<br>OPERATING COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-01145 (ABG)<br><br>(Jointly Administered) |

**OFFICIAL COMMITTEE OF SECOND PRIORITY NOTEHOLDERS'**
**MOTION FOR ENTRY OF ORDER RESTRICTING PUBLIC ACCESS TO**
**MATERIALS DESIGNATED DESIGNATED AS CONFIDENTIAL**

Pursuant to sections 105(a) and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5005-4 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the Official Committee of Second Priority Noteholders (the "Noteholder Committee") moves for the entry of an order restricting public access to documents and information regarding a meeting of the board of directors of Caesars Entertainment Operating Company, Inc. ("CEOC") produced by Caesars Entertainment Corporation ("CEC") and CEOC and designated by those parties as confidential and referenced in the accompanying *Motion of Official Committee of Second Priority Noteholders To Reconsider Order Granting Debtors' Application For Retention Of Kirkland & Ellis LLP And Kirkland & Ellis International LLP* (the "Reconsideration Motion").

In support of this Motion, the Noteholder Committee states the following:

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. Due to the large number of Debtors in these jointly-administered chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

1.  On October 21, 2015, the Noteholder Committee filed the Reconsideration Motion pursuant to which the Noteholder Committee requests that the Court reconsider its order approving the retention of Kirkland & Ellis and disqualify Kirkland & Ellis from any other form of involvement with the estates' claims against CEC and its affiliates, including any investigation or settlement thereof.  The Reconsideration Motion refers to documents and information relating to an August 3, 2014 meeting of the board of directors of CEOC that CEOC and CEC have designated as "Confidential" pursuant to the Agreed Protective Order [ECF No. 1575] entered by this Court on May 18, 2015.  Specifically, the Reconsideration Motion refers to information in the following documents that CEC and CEOC have designated as confidential (the "Restricted Documents"):

   a.  Email from Alexandra Mishkin to Chic Dohoney and Scott Wiegand on November 12, 2014

   b.  Minutes of the meeting of the Board of Directors of CEOC on August 3, 2014

   c.  Consent of the Board of Directors of CEOC dated June 10, 2015

   d.  Written Response to Deposition Question signed by Steven Winograd

2.  Through their designation as Confidential under the Agreed Protective Order, CEC and CEOC have certified that the Restricted Documents meet the definition of Confidential under the Agreed Protective Order.  Accordingly, Paragraph 18 of the Protective Order requires the Noteholder Committee to seek an order of this Court permitting the filing of an unredacted copy of the Reconsideration Motion and the Restricted Documents under seal.

3.  Bankruptcy Rule 9018(1) provides a basis for the entry of any order limiting public access to a document containing confidential information, or otherwise preventing the public dissemination of confidential information in connection with the motion for reconsideration.  Under that rule, "[o]n motion or on its own initiative, with or without notice,

the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Bankruptcy Rule 9018 is not, on its face, limited to the filing of documents. *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996). The absence of any such limitation indicates that the rule is sufficiently broad to enable this Court, in its discretion, to restrict public access to the evidentiary materials submitted in connection with the motion for reconsideration.

4. Similarly, section 107 of the Bankruptcy Code provides a bankruptcy court with authority to enter an order to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).  Thus, section 107(b) of the Bankruptcy Code provides an independent basis for the Court to limit public access to a document filed with this Court.

5. Local Bankruptcy Rule 5005-4(C) is in accord and provides that the Court may order that a document be submitted as a Sealed Document rather than be filed with the Court or alternatively, filed as a redacted document with an unredacted version submitted to the clerk as a Sealed Document.

6. Given that CEC and CEOC have designated the Restricted Documents as confidential under the Agreed Protective Order, the Noteholder Committee requests that this Court enter an order substantially in the form attached to this Motion, authorizing (a) the submission of unredacted versions of the Reconsideration Motion and the Restricted Documents and (b) the filing of redacted versions of the Reconsideration Motion and related pleadings that derive or refer to information in the Restricted Documents under seal, as well as such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: October 21, 2015<br>Chicago, Illinois | Respectfully submitted,<br><br>*/s/ Timothy W. Hoffmann*<br>Timothy W. Hoffmann (No. 6289756)<br>JONES DAY<br>77 West Wacker<br>Chicago, IL  60601-1692<br>Telephone:  (312) 782-3939<br>Facsimile:  (312) 782-8585<br>thoffmann@jonesday.com<br><br>Bruce Bennett<br>James O. Johnston<br>Sidney P. Levinson<br>Joshua M. Mester<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California  90071<br><br>-and-<br><br>Geoffrey Stewart<br>JONES DAY<br>51 Louisiana Ave., N.W.<br>Washington, D.C.  20001<br><br>*Counsel for Official Committee of Second Priority Noteholders* |

-4-