**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) <br> ) <br> CAESARS ENTERTAINMENT OPERATING ) <br> COMPANY, INC., *et al.*,[1] ) <br> Debtors. ) <br> ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 15-01145 (ABG) <br><br> (Jointly Administered) |

**NOTICE OF THIRD INTERIM**
**APPLICATION OF THE MEMBERS OF THE STATUTORY**
**UNSECURED CLAIMHOLDERS' COMMITTEE FOR REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD OCTOBER 1, 2015 THROUGH JANUARY 31, 2016**

   **PLEASE TAKE NOTICE** that on March 30, 2016, the statutory unsecured claimholders' committee (the "Committee") of Caesars Entertainment Operating Company, Inc., *et al.* (the "Debtors"), filed the *Third Interim Application Of The Members Of The Statutory Unsecured Claimholders' Committee For Reimbursement Of Expenses For The Period October 1, 2015 Through January 31, 2016* (the "Application").

   **PLEASE TAKE FURTHER NOTICE** that the Committee has requested a hearing on the Application on May 18, 2016, at 1:30 p.m. (CT) before the Honorable A. Benjamin Goldgar or any other judge who may be sitting in his place and stead, in Courtroom 2525 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time you may appear if you deem fit. **The deadline to object to the Application is May 4, 2016, at 4:00 p.m. (CT) (the "Objection Deadline"). If no objection is filed before the Objection Deadline, the Application may be granted and an order entered without a hearing.**

   **PLEASE TAKE FURTHER NOTICE** that the hearing date and time once determined as well as copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk, LLC, the notice and claims agent for the Debtors in these chapter 11 cases, available at https://cases.primeclerk.com/CEOC, or by calling (855) 842-4123. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. A complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

Dated: March 30, 2016  
Chicago, Illinois

Respectfully submitted,

*/s/ Paul V. Possinger*

**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*admitted pro hac vice*)
Judy G.Z. Liu (*admitted pro hac vice*)
Philip M. Abelson (*admitted pro hac vice*)
Vincent Indelicato (*admitted pro hac vice*)
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas (IL #6181453)
Jeff J. Marwil (IL #6194054)
Paul V. Possinger (IL #6216704)
Brandon W. Levitan (IL #6303819)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Attorneys for the Statutory Unsecured Claimholders' Committee of Caesars Entertainment Operating Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., *et al.*,[2] | ) Case No. 15-01145 (ABG) |
|  | ) (Jointly Administered) |
| Debtors. | ) |

**THIRD INTERIM APPLICATION OF THE MEMBERS OF THE STATUTORY**
**UNSECURED CLAIMHOLDERS' COMMITTEE FOR REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD OCTOBER 1, 2015 THROUGH JANUARY 31, 2016**

**FEE APPLICATION COVER SHEET**

| Name of Applicant: | Members of the Statutory Unsecured Claimholders' Committee[3] |
|---|---|
| Date of Order Appointing Committee: | Order entered February 5, 2015 [ECF No. 264] *Nunc Pro Tunc* to February 9, 2015 |
| Period for Which Reimbursement is Sought: | October 1, 2015 through January 31, 2016 (the "Third Interim Period") |
| Amount of Expense Reimbursement Sought: | $5,776.80 |

This is a ____ Monthly __X__ Interim ____ Final Fee Application

---

[2] A complete list of the Debtors and the last four digits of their federal tax identification may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/CEOC.

[3] The members of the Statutory Unsecured Claimholders' Committee (the "UCC") include Earl of Sandwich (Atlantic City) LLC; Hilton Worldwide, Inc.; International Game Technology; Law Debenture Trust Company of New York; National Retirement Fund; PepsiCo, Inc. ("Pepsi"); Relative Value-Long/Short Debt, a Series of Underlying Funds Trust ("Relative Value"); Wilmington Trust, NA; and US Foods, Inc. MeehanCombs Global Credit Opportunities Master Fund, LP resigned from the UCC on September 18, 2015 and was replaced by Relative Value on September 25, 2015.

Prior Fee Applications:

| Date Filed | Period Covered | Total Requested (Expenses) | Total Allowed (Expenses) | Expenses Previously Paid |
|---|---|---|---|---|
| 7/15/2015 | 2/03/2015 – 5/31/2015 | $37,376.21 | $35,788.97 | $37,376.21[4] |
| 11/16/2015 | 6/01/2016 – 9/30/2015 | $15,580.95 | $15,547.70 | $15,580.95 |

**Summary of Reimbursable Expenses for the Third Interim Period[5]**

| Statutory Unsecured Claimholders' Committee Member | Total Expenses |
|---|---|
| Earl of Sandwich (Atlantic City) LLC | $2,782.58 |
| Hilton Worldwide, Inc. | $547.95 |
| PepsiCo, Inc. | $2,446.27 |
| Totals | **$5,776.80** |

| Reimbursable Expense Category | Total Expenses |
|---|---|
| Meals | $281.67 |
| Airfare & Trains | $3,196.75 |
| Local Transportation & Parking | $799.58 |
| Lodging | $1,498.80 |
| Totals | **$5,776.80** |

---

[4] The difference between the total amount allowed and the total previously paid (a difference of $1,587.24) will be deducted from future monthly reimbursement statements.

[5] To reduce the fees associated with the preparation of UCC member reimbursement applications, monthly statements were not prepared and served on the Notice Parties.

Dated: March 30, 2016               Respectfully submitted,

By: /s/ *Paul V. Possinger*
      Paul V. Possinger

Martin J. Bienenstock (*admitted pro hac vice*)
Judy G.Z. Liu (*admitted pro hac vice*)
Philip M. Abelson (*admitted pro hac vice*)
Vincent Indelicato (*admitted pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

Jeff J. Marwil (IL #6194054)
Mark K. Thomas (IL #6181453)
Paul V. Possinger (IL #6216704)
Brandon W. Levitan (IL #6303819)
PROSKAUER ROSE LLP
70 W. Madison St.
Chicago, Illinois 60602-4342
Tel:  (312) 962-3550
Fax:  (312) 962-3551

*Attorneys for the Statutory Unsecured Claimholders' Committee of Caesars Entertainment Operating Company, Inc., et al*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) ) ) Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al.,[1] | ) ) Case No. 15-01145 (ABG) ) |
| Debtors. | ) (Jointly Administered) ) ) |

**THIRD INTERIM APPLICATION OF THE MEMBERS OF THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2015 THROUGH JANUARY 31, 2016**

The members of the Statutory Unsecured Claimholders' Committee (the "Committee")[2] of Caesars Entertainment Operating Company, Inc. et al. (the "Debtors"), by and through its attorneys, hereby submit this third interim application (the "Application"), pursuant to section 503(b)(3)(F) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in accordance with section 2(j) of the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated March 4, 2015 [ECF No. 587] (the "Interim Compensation Order"), and respectfully request that the Court enter an order awarding the members of the Committee reimbursement of their ordinary and necessary

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. A complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

[2] The members of the Statutory Unsecured Claimholders' Committee (the "UCC") include Earl of Sandwich (Atlantic City) LLC; Hilton Worldwide, Inc.; International Game Technology; Law Debenture Trust Company of New York; National Retirement Fund; PepsiCo, Inc. ("Pepsi"); Relative Value-Long/Short Debt, a Series of Underlying Funds Trust ("Relative Value"); Wilmington Trust, NA; and US Foods, Inc.  MeehanCombs Global Credit Opportunities Master Fund, LP resigned from the UCC on September 18, 2015 and was replaced by Relative Value on September 25, 2015.

expenses incurred during the period October 1, 2015 through January 31, 2016 (the "Third Interim Period"). In support of the Application, the members of the Committee respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The predicates for the relief requested herein are sections 105 and 503(b)(3)(F) of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and section 2(j) of the Interim Compensation Order.

## Background

4. On January 12, 2015, certain second lien noteholders filed an involuntary chapter 11 petition against Caesars Entertainment Operating Company, Inc. with the United States Bankruptcy Court for the District of Delaware. On January 15, 2015, the Debtors commenced these chapter 11 cases in this Court. On January 28, 2015, the Delaware Bankruptcy Court transferred venue of the involuntary chapter 11 case to this Court.

5. On February 5, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed the Committee and an official committee of second priority noteholders.

6. On April 27, 2015, upon the motion of the U.S. Trustee, the Court entered the *Order Appointing Fee Committee* [ECF No. 1319] to monitor, review and assess all monthly invoices and all fee applications for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, and the local rules of this Court.

7. On June 8, 2015, the Court entered the *Order Approving Compensation Terms of Independent Member of Fee Committee* [ECF No. 1747], approving the compensation terms of the Independent Member, Nancy B. Rapoport.

8. On July 15, 2015, the Proskauer Rose LLP ("Proskauer"), the Committee's attorneys, filed on behalf of the members of the Committee the *First Interim Application of the Members of the Statutory Unsecured Claimholders' Committee for Reimbursement of Expenses for the Period February 3, 2015 Through May 31, 2015* [ECF No. 1895] (the "First Application").

9. On September 28, 2015, the Court entered the *Order Approving the First Interim Fee Application of the Members of the Statutory Unsecured Claimholders' Committee for Reimbursement of Expenses for the Period February 3, 2015 Through May 31, 2015* [ECF No. 2354], approving on an interim basis the expense reimbursement of the members of the Committee, subject to certain voluntary reductions.

10. On November 16, 2015, Proskauer filed on behalf of the member of the Committee the *Second Interim Application of the Members of the Statutory Unsecured Claimholders' Committee for Reimbursement of Expenses for the Period June 1, 2015 Through September 30, 2015* [ECF No. 2587] (the "Second Application").

11. On January 7, 2016, the Court entered the *Order Approving the Second Interim Application of the Members of the Statutory Unsecured Claimholders' Committee for Reimbursement of Expenses for the Period June 1, 2015 Through September 30, 2015* [ECF No. 2937], approving on an interim basis the expense reimbursement of the members of the Committee, subject to certain voluntary reductions.

12. During the Third Interim Period, the members of the Committee incurred in the aggregate $5,776.80 in actual, necessary expenses related to their service on the Committee for which reimbursement is hereby sought. A copy of the Reimbursement Statements covering the Third Interim Period, which include detailed itemization of the expenses incurred by the members of the Committee, are attached hereto as **Exhibit A**. Exhibits B–D contain photocopies of the receipts and statements submitted by each Committee member seeking reimbursement of Committee-related expenses.

### Applicable Legal Standards and Criteria

13. The expenses incurred by the members of the Committee were necessary to permit such members to perform their duties effectively as Committee members under Bankruptcy Code section 1103. The expenses incurred are reimburseable from the Debtors' estate pursuant to Bankruptcy Code section 503(b)(3)(F), which provides for payment of "actual, necessary expenses" for individual members of a committee appointed under Bankruptcy Code section 1102—including an official committee of unsecured creditors. *See In re AMR Corp.*, 497 B.R. 690, 694 (Bankr. S.D.N.Y. 2013); *In re Haven Eldercare, LLC*, 382 B.R. 180, 183 (Bankr. D. Conn. 2008) ("The actual and necessary expenses of the lay members of the official unsecured creditors' committee . . . are entitled to treatment as administrative priority claims under Section 503(b)(3)(F).").

### Application of Relevant Standards to this Application

**I. Expenses Incurred by the Members of the Committee During the Third Interim Period Were Actual and Necessary**

14. The members of the Committee seek reimbursement of actual, necessary expenses incurred during the Third Interim Period in their capacity as Committee members.

### a. Meals

15. The members of the Committee and/or their representatives incurred expenses for meals in connection with attending the following meetings:

   (a) In-Person Meeting with the Examiner and His Advisors – December 3, 2015 (the "Examiner Meeting")

   (b) In-Person Meeting with the Debtors/Apollo/CEC and Their Advisors – December 7, 2015 (the "Debtor Meeting", and together with the Examiner Meeting, the "In-Person Meetings")

### b. Airfare & Trains

16. To participate in the In-Person Meetings (held in New York, New York), the Committee members incurred travel expenses. The Examiner Meeting provided the Committee members with a preview of the Examiner's initial findings and analyses of potential recoveries. The Debtor Meeting provided a forum to discuss principal issues in the case. Therefore, it was necessary for the Committee members to incur these costs to facilitate their attendance at the In-Person Meetings.

### c. Local Transportation and Parking

17. In attending the In-Person Meetings, it was necessary for certain members of the Committee to incur expenses for local transportation to the meeting sites.

### d. Lodging

18. The In-Person Meetings were held in New York, New York and covered time periods that made same-day flights impossible to arrange. Therefore, it was necessary for Committee members to incur expenses for lodging in order to attend the full-day meetings.

19. The members of the Committee respectfully submit that the actual expenses incurred in their capacity as Committee members during the Third Interim Period and for which

reimbursement is sought from the Debtors' estates, were necessary, reasonable and justified under the circumstances to serve the needs of the Committee in these chapter 11 cases.

### Notice

20.     In accordance with the Interim Compensation Order, notice of this Application has been given to the Notice Parties (as defined in the Interim Compensation Order).  The members of the Committee submit that good and sufficient notice of this Application has been provided and no other or further notice need be provided.

WHEREFORE the members of the Committee respectfully request that the Court enter an order: (a) granting this Application; (b) approving reimbursement of expenses in the aggregate amount of $5,776.80 for actual, necessary and reasonable expenses incurred by the members of the Committee during the Third Interim Period in their capacity as Committee members; (c) directing the Debtors to pay promptly to the members of the Committee, as applicable, the amount of reimbursement of expenses incurred during the Third Interim Period allowed hereunder; and (d) granting such other and further relief as the Court deems just.

Dated:  March 30, 2016                              Respectfully submitted,

*/s/ Paul V. Possinger*
**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*admitted pro hac vice*)
Judy G.Z. Liu (*admitted pro hac vice*)
Philip M. Abelson (*admitted pro hac vice*)
Vincent Indelicato (*admitted pro hac vice*)
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

**PROSKAUER ROSE LLP**
Jeff J. Marwil (IL #6194054)

        Mark K. Thomas (IL #6181453)
Paul V. Possinger (IL #6216704)
Brandon W. Levitan (IL #6303819)
70 W. Madison St.
Chicago, Illinois 60602-4342
Tel: (312) 962-3550
Fax: (312) 962-3551

*Attorneys for the Statutory Unsecured Claimholders' Committee of Caesars Entertainment Operating Company, Inc., et al*