**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-01145 (ABG)<br><br>(Jointly Administered) |

**EIGHTH SUPPLEMENTAL DECLARATION OF JOSHUA M. MESTER**
**IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF SECOND**
**PRIORITY NOTEHOLDERS TO EMPLOY AND RETAIN JONES DAY AS COUNSEL**
***NUNC PRO TUNC* TO FEBRUARY 5, 2015**

I, Joshua M. Mester, being duly sworn, state the following under penalty of perjury:

1. I am a partner of the law firm of Jones Day, located at 555 South Flower Street, Los Angeles, California 90071.[2] I am a member in good standing of the Bar of the State of California. There are no disciplinary proceedings pending against me.

2. I submit this declaration (the "Eighth Supplemental Declaration") to supplement the *Declaration of Joshua M. Mester In Support Of Application Of The Official Committee Of Second Priority Noteholders To Employ And Retain Jones Day As Counsel Nunc Pro Tunc to February 5, 2015* (the "Original Declaration") attached as Exhibit A to the *Application Of The Official Committee Of Second Priority Noteholders To Employ And Retain Jones Day As Counsel Nunc Pro Tunc To February 5, 2015* (the "Application") [Docket No. 662]. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. Due to the large number of Debtors in these jointly-administered cases, a complete list of the Debtors is not provided herein, but is available at https://cases.primeclerk.com/CEOC, the website of the Debtors' claims and noticing agent.

[2] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Application.

1

3. On March 26, 2015, the Court entered an order authorizing the employment and retention of Jones Day as attorneys for the Official Committee of Second Priority Noteholders (the "Noteholder Committee") [Docket No. 1002].

4. I have previously submitted supplemental declarations (together, with the Original Declaration, the "Prior Declarations") to further support the Application and to provide additional disclosures and information as required under Bankruptcy Rules 2014(a) and 2016(b). I hereby incorporate by reference, adopt, and affirm all of the representations and disclosures in the Prior Declarations.

5. This Eighth Supplemental Declaration serves to supplement and further support the Application and Prior Declarations and to provide additional disclosures required under Bankruptcy Rules 2014(a) and 2016(b).

## Supplemental Disclosures

6. As disclosed in its Application and in Prior Declarations, Jones Day and certain of its partners and associates may have represented in the past, currently may represent, and may represent in the future parties in interest in these chapter 11 cases in connection with matters unrelated (except where otherwise disclosed) to the Debtors and these chapter 11 cases.

7. In connection with its Application, Jones Day undertook to determine whether it had any conflicts or other relationships that might cause it to represent any entities with adverse interests in connection with these chapter 11 cases, and, in particular, any entities with interests adverse to the class of creditors represented by the Noteholder Committee. Specifically, Jones Day previously searched its electronic database of representations to determine any connections to parties in interest listed in Schedule 1 to the Original Declaration (the "Original Interested

Parties"). Any such relationships were disclosed in Schedule 2 to the Original Declaration the ("Original Disclosures").

8. Jones Day has periodically reviewed its relationships with parties in interest in these cases to provide further disclosures as necessary and appropriate. Specifically, in connection with the *Fifth Supplemental Declaration of Joshua M. Mester In Support Of Application Of The Official Committee Of Second Priority Noteholders To Employ And Retain Jones Day As Counsel Nunc Pro Tunc to February 5, 2015* (the "Fifth Supplemental Declaration"), Jones Day endeavored to identify any parties related to these cases that either (i) had appeared in these cases after Jones Day submitted the Original Declaration or (ii) had been otherwise omitted from the list of Original Interested Parties (the "Additional Interested Parties"). To compile the Additional Interested Parties list, Jones Day analyzed the dockets for notices of appearances, substantive motions, and Rule 2014 disclosures filed in these cases. The Additional Interested Parties list was attached as Exhibit A to the Fifth Supplemental Declaration.

*Connections With Additional Interested Parties*

9. In connection with the Eighth Supplemental Declaration, Debtors' counsel provided Jones Day with an updated list of interested parties in these cases (the "Updated Interested Parties List"), which includes a substantially greater number of interested parties than had been previously provided by the Debtors. The Updated Interested Parties List is attached hereto as **Exhibit A**.

10. Jones Day used this Updated Interested Parties List to attempt to identify any interested parties that have appeared in these cases after Jones Day submitted its Prior

Declarations or were otherwise omitted from the list of Original Interested Parties or the schedules attached to the Fifth Supplemental Declaration ("**Supplemental Interested Parties**").

11. In connection with this Eighth Supplemental Declaration, Jones Day researched its client database to determine whether it currently represents, or has represented within the past two years, any of the Supplemental Interested Parties, or their affiliates. Jones Day's connections with the Supplemental Interested Parties are disclosed in **Exhibit B** hereto. As disclosed in Exhibit B, Jones Day has current client relationships with a number of Supplemental Interested Parties: In addition, Exhibit B discloses the Supplemental Interested Parties that are former clients of Jones Day (within the past 2 years): In addition to these current and former client relationships, Exhibit B discloses Jones Day's current and former client relationships (within the past 2 years) with affiliates of the Supplemental Interested Parties, to the extent such affiliate relationships are known to Jones Day.

*New Connections With Original Interested Parties*
*Not Identified In The Prior Declarations*

12. Since the Fifth Supplemental Declaration, Jones Day has also determined that certain of the Original Interested Parties for whom Jones Day did not have any disclosures at the time of filing its Application or the Fifth Supplemental Declaration either (i) have since become clients of Jones Day; or (ii) are affiliated with entities that have since become clients of Jones Day. **Exhibit C** discloses Jones Day's *new* client relationships with Interested Parties not identified in the Original Disclosures. In addition to these new client relationships with these Original Interested Parties, Exhibit C also discloses Jones Day's new client relationships with affiliates of such Original Interested Parties, to the extent such affiliate relationships are known to Jones Day.

*Connections With Original Interested Parties That Were
Inadvertently Omitted From The Prior Declarations*

13. In the course of preparing this Eighth Supplemental Declaration, Jones Day also determined that the Original Disclosures and Fifth Supplemental Declaration inadvertently omitted a handful of connections between Jones Day and affiliates of certain Original Interested Parties that are either current or former clients of Jones Day (within the past 2 years). These connections are identified on **Exhibit D** attached hereto and also include new connections and developments since the Original Disclosures and Fifth Supplemental Declaration. Jones Day discovered these omissions during its review of materials for the updated disclosures, which included reports using search terms not previously included in preparing the Prior Declarations and further review of the voluminous reports generated by Jones Day's conflicts database with respect to the Original Disclosures and Fifth Supplemental Declaration.

*Updates to the Prior Disclosures*

14. In connection with this Eighth Supplemental Declaration, Jones Day also performed renewed conflicts checks to identify new relationships and other developments with regard to the interested parties identified in Prior Declarations that Jones Day had previously identified as current or former clients, or affiliates of current or former clients. Among other things, these updated reports identify matters that have been opened or closed in the intervening time since the Fifth Supplemental Declaration, or additional relationships that were inadvertently omitted from the Prior Declarations but have been recently discovered through the course of preparing the Eighth Supplemental Declaration as discussed above. A list of these updates to the Original Disclosures is attached hereto as **Exhibit E**.

15. The current representations of parties identified in the exhibits attached hereto are in matters unrelated to the Debtors and these chapter 11 cases (except where otherwise

disclosed).  These additional disclosures are submitted out of an abundance of caution and do not create a material conflict of interest or affect Jones Day's "disinterestedness" in relation to its representation of the Noteholder Committee in these chapter 11 cases.

16. Based on the conflicts searches Jones Day has performed and described, to the best of my knowledge, neither Jones Day nor any of its partners or associates has any relationships other than those disclosed in this Eighth Supplemental Declaration and the Prior Declarations.

17. The information listed in the exhibits attached hereto may have changed without our knowledge and may change during the pendency of these chapter 11 cases.  Accordingly, Jones Day will update this Declaration as necessary if and when Jones Day becomes aware of additional material information.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  January 17, 2017　　　　　　　　　　　　　Respectfully submitted,

Chicago, Illinois

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Joshua M. Mester*
　　　　　　　　　　　　　　　　　　　　　　　　Joshua M. Mester