**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---------------------------------------------------------------------- x
                                                                       :
In re:                                                                 :  Chapter 11
                                                                       :
Caesars Entertainment Operating Company, Inc., *et al.*,               :  Case No. 15-01145
                                                                       :
Debtors.                                                               :
                                                                       :  Jointly Administered
---------------------------------------------------------------------- x

**WHITEBOX ADVISORS LLC'S PRELIMINARY OBJECTION TO EARL OF
SANDWICH'S MOTION IN LIMINE TO EXCLUDE
EXPERT REPORT OF PETER M. LUPOFF**

Whitebox Advisors LLC files this preliminary objection to the Motion in Limine of Earl of Sandwich (Atlantic City), LLC to exclude the expert report of Peter M. Lupoff. In submitting this preliminary objection, Whitebox reserves all rights with respect to Earl's Motion and intends to file a full objection in accordance with local practice and the Case Management Order in these chapter 11 cases.

**BACKGROUND**

Whitebox served the Lupoff Report on January 14, 2018. (Dkt. No. 7766-2).

On January 23, 2018, Earl filed the Motion, seeking to exclude the Lupoff Report on the alleged grounds that, *inter alia*, (i) it renders a legal opinion on the question of mutual assent and (ii) Mr. Lupoff is not qualified to provide expert testimony on the subject of bankruptcy claim trading. (Dkt. No. 7766).

For the reasons discussed herein, the Motion should be denied at this time (or at least considered at or after trial, as is more typical).

1

**PRELIMINARY OBJECTION**

I. **THE MOTION IS PREMATURE AND OVERBROAD.**

This Motion should be denied as premature and overbroad for the reasons detailed below. By the Motion, Earl attempts to exclude the entire report on the grounds that a few paragraphs purportedly draw a legal conclusion (*see* Motion at ¶ 21) and that Mr. Lupoff is not qualified to serve as an expert witness (*see* Motion at ¶ 26).

To the extent Earl is correct that portions of the Lupoff Report call for legal conclusions (an argument that Whitebox will fully contest), the Court should only exclude any impermissible conclusions. *See CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 571, 590 (N.D. Ill. 2009) ("[A] court has broad discretion in assessing expert testimony and should only exclude those portions which it deems impermissible."). Thus the Motion is overbroad.

Moreover, with respect to Earl's argument that Mr. Lupoff is not qualified to serve as an expert, currently the Court has before it only the uncontested details of Mr. Lupoff's experience. Earl has presented no contrary evidence, only arguments from counsel. Thus, the Motion should fail at this time as it is premature.

In light of these facts – even before considering the underlying merits – the Motion is wasteful of the Court's and the parties' litigation resources. The Court should only hear it, if at all, at or after trial.

Whitebox also notes that Earl should have, at a minimum, attempted to resolve any issues directly with Whitebox on a consensual basis at this early juncture, thereby sparing this Court, Whitebox and itself from unnecessarily spending time, judicial resources and money litigating this dispute. Earl's counsel did email Whitebox's counsel several days before filing the Motion but never responded to Whitebox's counsel's offer to schedule a call to discuss. (*See* e-mail chain

attached as Exhibit A). Whitebox remains open to discussing any particular concerns Earl may have with respect to the Lupoff Report.

## II. THE MOTION IS WRONG AS A MATTER OF LAW.

### A. The Lupoff Report Does Not Render Improper Legal Opinions.

Federal Rule of Evidence 702 provides "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." Consistent with the purpose of Federal Rule of Evidence 702, the Lupoff Report discusses industry practices with respect to the purchase and sale of trade claims to assist a trier of fact in understanding industry practice in a typical claims trading situation. Mr. Lupoff does not attempt to opine on the legal outcome or draw such a legal conclusion here. Thus the Motion should fail under the law. *See Essex Ins. Co. v. Structural Shop, Ltd.*, No. 15 C 2806, 2017 WL 2224879, at *3 (N.D. Ill. May 22, 2017) (court permitted expert to opine, in light of customs, practices, and standards because "[s]uch testimony is helpful to the jury and does not go to legal requirements or the legal ramifications of [plaintiff's] conduct").

### B. Mr. Lupoff Is Qualified to Provide Expert Testimony on the Subject of Bankruptcy Claim Trading and His Report Is Reliable.

Contrary to Earl's assertions, Mr. Lupoff is experienced in trading bankruptcy claims and is qualified to issue his report. As set forth in Federal Rule of Evidence 702, an expert must be qualified by "knowledge, skill, experience, training or education."

Mr. Lupoff has a long history in the claims trading field over the last 25 years or so, and he drew on that experience when delivering his expert report. (*See* Lupoff Report at p. 1). Additionally, Mr. Lupoff has served as an expert on claims trading before, and his expert testimony concerning the purchase and sale of trade claims was previously accepted by another court. *See*

*Fulcrum Credit Partners LLC v. Strategic Capital Resources, Inc.*, No. A-10-CA-137LY, 2011 WL 12672166 (W.D. Tex. Mar. 14, 2011) ("Mr. Lupoff has opined concerning the negotiations between Strategic and Fulcrum and whether a binding agreement existed between them to sell Strategic's TOUSA trade claims."); *Fulcrum Credit Partners LLC v. Strategic Capital Resources, Inc.*, No. A-10-CA-137-LY, 2011 WL 13104391 (W.D. Tex. Apr. 8, 2011).

In light of the currently uncontroverted record and the current posture of the case, the Motion should be denied as Mr. Lupoff has met the threshold for consideration as an expert under Federal Rule Evidence 702. If need be, Whitebox is prepared to present additional evidence as to Mr. Lupoff's qualifications at the time Whitebox submits its final objection consistent with the Case Management Order and applicable rules.

## CONCLUSION

WHEREFORE, Whitebox respectfully requests that the Motion be denied, or the Motion be continued to a date set by the Court so that Whitebox can respond following a discovery and briefing schedule set at the hearing on February 7, 2018 to address the issues raised in the Motion.

Dated: January 31, 2018
    Chicago, IL

By:  /s/ Aaron L. Hammer
Aaron L. Hammer (IL No. 6243069)
Jack O'Connor (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: (312) 704-9400
Facsimile: (312) 372-7951
ahammer@SFGH.com
joconnor@SFGH.com

-and-

Douglas Mintz, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**

4

Columbia Center
1152 15th Street, N.W.
Washington, D.C., 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
dmintz@orrick.com

Ayanna Lewis-Gruss, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
alewisgruss@orrick.com

*Co-Counsel for Whitebox Advisors LLC*