# **EXHIBIT 3**

**Whitebox's Responses and Objections**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------x
       :
In re:      :   Chapter 11
       :
Caesars Entertainment Operating Company, Inc., *et al.*,   :   Case No. 15-01145
       :
Debtors.   :
       :   Jointly Administered
------------------------------------------------------------------x

### WHITEBOX ADVISORS LLC'S RESPONSES AND OBJECTIONS TO EARL OF SANDWICH'S FIRST SET OF REQUESTS FOR PRODUCTION

Whitebox Advisors LLC, by and through its undersigned attorneys, Orrick, Herrington & Sutcliffe LLP, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034 and Federal Rules of Civil Procedure 26 and 34, hereby responds and objects to Earl of Sandwich LLC's ("Earl")First set of Requests for Production, dated November 17, 2017 (the "Requests").

Whitebox reserves the right to supplement, modify, and/or amend these objections and responses. Whitebox reserves the right to assert additional objections to the production of information or documents as appropriate, and to supplement or change these objections and responses. Whitebox reserve all objections as to the competency, materiality, and admissibility of the documents provided pursuant to the Requests, or the subject thereof, including, without limitation, all objections on the ground that the information contained therein is not relevant or material to the issues to be decided. Whitebox also reserves the right to object to further inquiry with regard to any subject matter.

Whitebox's agreement to produce information or documents, notwithstanding the objectionable nature of the Requests, should not be construed as: (a) an acknowledgement that the material produced is relevant or within the proper bounds of discovery; (b) a waiver of the

general objections or responses asserted in the response to specific requests; (c) an admission that any such documents or information exist or will be located after a reasonably diligent search; (d) an agreement, admission, or concession that the information or documents provided are admissible; or (e) a concession or acknowledgement that the characterization contained within the Requests or the terminology used in the Requests is proper or based in fact.

## GENERAL OBJECTIONS AND RESPONSES

Whitebox responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. Whitebox objects to the Requests to the extent that they purport to impose obligations beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the rules of this Court.

2. Whitebox objects to the definitions included in the Requests to the extent such definitions purport to enlarge, expand or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain. Whitebox objects to the definitions to the extent such definition enlarges, expands or alters in any way the <u>Uniform Definitions in Discovery Requests</u> set out in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and incorporated by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court.

3. Whitebox objects to the Requests to the extent that they are overbroad and unduly burdensome. The instructions, definitions, and requests are objectionable to the extent

that they subject Whitebox to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Whitebox an obligation to produce documents from sources equally accessible to Earl.

4. Whitebox objects to the Requests to the extent that they seek information or documents that may be obtained from other sources or through other means that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

5. Whitebox objects to the Requests to the extent (a) that they seek documents that are not in the possession, custody, or control of Whitebox; (b) that Whitebox cannot locate after a reasonably diligent search; or (c) that refer to persons, entities, or events not known to Whitebox. To the extent that Whitebox agrees to produce documents in response to the Requests, Whitebox will make a reasonably diligent search for responsive documents within their possession, custody or control.

6. Whitebox objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other legally applicable privilege or immunity. The inadvertent disclosure of any information or production of any document that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege or of any grounds for objection to discovery with respect to such information or document, or the subject matter of the information or document, or of Whitebox's rights to object to the use of any such information during any subsequent proceeding in this action or elsewhere.

7. Whitebox objects to the Requests to the extent that they call for the production of proprietary business information or other private or confidential information

of Whitebox and/or Whitebox's directors, officers, managers and employees. Subject to, and without waiving any other objections, the production of any documents will be made subject to Whitebox and Earl's execution and the court's entry of a Stipulation and Order Governing the Production Exchange and Filing of Confidential Material, substantially in the form of the draft order attached hereto at Tab A.

8. Whitebox objects to the definition of the term "Claim" (Definition No. 2) as "Claim No. 5858, filed by Earl." The term should properly be defined as "Claim no. 5497 (as amended by claim no. 5858)."

9. Whitebox objects to the definition of the term "Defective Transfer Notice" (Definition No. 6), as this definition mischaracterizes the nature of the notice. The term should properly be defined as "the September 26, 2017 Notice of Transfer."

10. Whtiebox objects to the Requests to the extent that they do not include any temporal limitation, which renders the Requests overly broad and unduly burdensome, and seek documents that are neither relevant to the matters at issue nor reasonably calculated to lead the discovery of admissible evidence. Unless otherwise stated in a response to an individual request, and consistent with the agreement between Earl and Whitebox, Whitebox will produce documents prepared from January 1, 2017 through July 10, 2017.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and Responses, and incorporating those General Objections and Responses by reference into each specific response, Whitebox further responds to the Requests below.

**REQUEST NO. 1:**
**A copy of the purported contract between Earl and Cowen for the transfer of the Claim.**

**RESPONSE TO REQUEST NO. 1:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Whitebox respond that it will produce the contract between Earl and Cowen for the transfer of the Claim.

**REQUEST NO. 2:**
**All Documents concerning any of the Cowen-Avallone E-mails.**

**RESPONSE TO REQUEST NO. 2:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Subject to and without waiving the foregoing objections, Whitebox responds that it will produce the Cowen-Avallone emails and non-privileged documents concerning those emails, to the extent any such documents exist.

**REQUEST NO. 3:**
**All Documents concerning the Trade Confirm.**

**RESPONSE TO REQUEST NO. 3:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Subject to and without waiving the foregoing objections, Whitebox responds that it will produce the Trade Confirm and responsive, non-privileged documents concerning the Trade Confirm.

**REQUEST NO. 4:**

All Documents concerning the A&R Agreement, including an executed version thereof.

**RESPONSE TO REQUEST NO. 4:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Subject to and without waiving the foregoing objections, Whitebox responds that it will produce the A&R Agreement.

**REQUEST NO. 5:**

All Documents concerning the Claim.

**RESPONSE TO REQUEST NO. 5:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Subject to and without waiving the foregoing objections, Whitebox responds that it will produce the following responsive, non-privileged documents that are in its possession, to the extent any such documents exist:

- Communications exchanged between Whitebox, on one hand, and Cowen or Bradly Schwab, on the other hand, concerning the Cowen-Avallone emails and the Trade Confirm;

- Communications exchanged between Cowen and any third party concerning the Cowen-Avallone emails, the Trade confirm, and the A&R Agreement;

- Communications exchanged between Whitebox and Prime Clerk concerning the Claim;

- Communications exchanged between Whitebox and Triax Capital Advisors concerning the Claim;

- Internal Whitebox documents concerning the Claim; and

- Communications exchanged amongst Whitebox employees concerning the Claim.

**REQUEST NO. 6:**

**All Communications exchanged between You and Cowen concerning any of the Cowen-Avallone E-mails.**

**RESPONSE TO REQUEST NO. 6:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 2 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 7:**

**All Communications exchanged between You and Cowen concerning the Trade Confirm.**

**RESPONSE TO REQUEST NO. 7:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 3 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 8:**
All Communications exchanged between You and Cowen concerning the A&R Agreement.

**RESPONSE TO REQUEST NO. 8:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 4, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 9:**
All Communications exchanged between You and Cowen concerning the Claim.

**RESPONSE TO REQUEST NO. 9:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox

additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 10:**
   **All Communications exchanged between Cowen and any third party concerning any of the Cowen-Avallone E-mails.**

**RESPONSE TO REQUEST NO. 10:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 2 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 11:**
   **All Communications exchanged between Cowen and any third party concerning the Trade Confirm.**

**RESPONSE TO REQUEST NO. 11:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by

any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 3 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 12:**

**All Communications exchanged between Cowen and any third party concerning the A&R Agreement.**

**RESPONSE TO REQUEST NO. 12:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 4 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 13:**

**All Communications exchanged between Cowen and any third party concerning the Claim.**

**RESPONSE TO REQUEST NO. 13:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome.

Whitebox also objects to this Request to the extent it seeks documents that are protected by any applicable privilege or immunity. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

### REQUEST NO. 14:
**All Communications exchanged between You and Bradly Schwab concerning any of the Cowen-Avallone E-mails.**

### RESPONSE TO REQUEST NO. 14:

<u>See</u> General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 2 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

### REQUEST NO. 15:
**All Communications exchanged between You and Bradly Schwab concerning the Trade Confirm.**

### RESPONSE TO REQUEST NO. 15:

<u>See</u> General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 3 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 16:**
All Communications exchanged between You and Bradly Schwab concerning the A&R Agreement.

**RESPONSE TO REQUEST NO. 16:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Requests Nos. 4 and 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 17:**
All Communications exchanged between You and Bradly Schwab concerning the Claim.

**RESPONSE TO REQUEST NO. 17:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 18:**
All Communications exchanged between You and Prime Clerk concerning the Transfer Notice.

**RESPONSE TO REQUEST NO. 18:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing

objections, Whitebox responds that it will produce responsive documents exchanged between Whitebox and Prime Clerk concerning the Transfer Notice during the period from September 26, 2017 through October 16, 2017.

**REQUEST NO. 19:**
    **All Communications exchanged between You and Prime Clerk concerning the Defective Transfer Notice.**

**RESPONSE TO REQUEST NO. 19:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Whitebox responds that it will produce responsive documents exchanged between Whitebox and Prime Clerk concerning the September 26, 2017 Notice of Transfer during the period from September 26, 2017 through October 16, 2017.

**REQUEST NO. 20:**
    **All Communications exchanged between You and Prime Clerk concerning the Claim.**

**RESPONSE TO REQUEST NO. 20:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

**REQUEST NO. 21:**
    **All Communications exchanged between Earl and any third party concerning the Claim.**

**RESPONSE TO REQUEST NO. 21:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox objects to this Request on the ground that it seeks documents that are not in the possession, custody, or control of Whitebox.

**REQUEST NO. 22:**
All Communications exchanged between You and Triax Capital Advisors concerning Earl or the Claim.

**RESPONSE TO REQUEST NO. 22:**

See General Objections and Responses 1 — 9, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this Request on the ground that it is overly broad and unduly burdensome. Whitebox additionally objects to this Request on the ground that it is duplicative or cumulative of information requested in Request No. 5, and responds that it will produce the responsive, non-privileged documents specified in its response to that Request.

Dated: December 18, 2017
New York, NY

By: _____
Ayanna Lewis-Gruss, Esq. (admitted *pro hac vice*)
Peter J. Amend, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Douglas Mintz, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C., 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

-and-

Aaron L. Hammer (IL No. 6243069)
Jack O'Connor (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312.704.9400
Facsimile: 312. 372.7951
ahammer@SFGH.com
joconnor@SFGH.com

*Co-Counsel for Whitebox Advisors LLC.*