**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------------------x
                                                                     :
In re:                                                               :   Chapter 11
                                                                     :
Caesars Entertainment Operating Company, Inc., *et al.*,             :   Case No. 15-01145
                                                                     :
Debtors.                                                             :
                                                                     :   Jointly Administered
---------------------------------------------------------------------x

**NOTICE OF WHITEBOX ADVISORS LLC'S MOTION TO COMPEL 30(b)(6)**
**DEPOSITION OF EARL OF SANDWICH (ATLANTIC CITY), LLC**

**PLEASE TAKE NOTICE** that Whitebox Advisors LLC ("Whitebox"), by and through its undersigned counsel, upon accompanying Motion to Compel 30(b)(6) Deposition of Earl of Sandwich (Atlantic City), LLC ("Earl"), and upon all prior pleadings heretofore had herein, will move this Court, at the Everett McKinley United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 on February 21, 2018, at 10:30 a.m., or as soon thereafter as counsel may be heard, for an order compelling Earl to produce its records custodian for a 30(b)(6) deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure.

PLEASE TAKE FURTHER NOTICE that any objection to the motion must be filed by February 14, 2018, and served, so as to be received by such date by Whitebox's undersigned counsel, counsel for the Debtors, counsel for Whitebox, and all parties entitled to notice pursuant to Rule 2002.

Date: February 7, 2018                                    /s/Douglas S. Mintz
                                                          Douglas Mintz, Esq. (admitted *pro hac vice*)
                                                          ORRICK, HERRINGTON &
                                                          SUTCLIFFE, LLP
                                                          Columbia Center
                                                          1152 15th Street, N.W.
                                                          Washington, D.C., 20005-1706
                                                          Telephone: (202) 339-8400
                                                          Facsimile: (202) 339-8500

                                                          Ayanna Lewis-Gruss (admitted *pro hac vice*)
                                                          Peter J. Amend, Esq. (admitted *pro hac vice*)
                                                          ORRICK, HERRINGTON &
                                                          SUTCLIFFE, LLP
                                                          51 West 52nd Street
                                                          New York, NY 10019
                                                          Telephone: (212) 506-5000
                                                          Facsimile: (212) 506-5151

                                                          -and-

                                                          Aaron L. Hammer (IL No. 6243069)
                                                          Jack O'Connor (IL No. 6302674)
                                                          SUGAR FELSENTHAL GRAIS &
                                                          HAMMER LLP
                                                          30 N. LaSalle Street, Suite 3000
                                                          Chicago, IL 60602
                                                          Telephone: 312.704.9400
                                                          Facsimile: 312. 372.7951
                                                          ahammer@SFGH.com
                                                          joconnor@SFGH.com


                                                          *Co-Counsel for Whitebox Advisors LLC.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

------------------------------------------------------------------------x
:
In re: : Chapter 11
:
Caesars Entertainment Operating Company, Inc., *et al.*, : Case No. 15-01145 (ABG)
:
Debtors. :
: Jointly Administered
------------------------------------------------------------------------x

**WHITEBOX ADVISORS LLC'S MOTION TO COMPEL 30(b)(6) DEPOSITION OF EARL OF SANDWICH (ATLANTIC CITY), LLC**

Whitebox Advisors LLC ("Whitebox") files this motion ("Motion") pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, to move the Court to compel a second 30(b)(6) deposition of Earl of Sandwich (Atlantic City), LLC ("Earl").

In support of this Motion, Whitebox respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested are Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, Rule 7030 of the Federal Rules of Bankruptcy Procedure, and Rule 7037-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

**Relief Requested**

4. By this Motion, Whitebox seeks leave to take a 30(b)(6) deposition of Earl's records custodian.

**Background**

5.  On April 18, 2015, Earl filed proof of claim no. 5497 (as amended, the "Claim") against Showboat Atlantic City Operating Company, LLC. The Claim is a general unsecured claim in the amount of $3,600,000 and is eligible for payment as a Class I claim under the Plan. On October 20, 2016, the Debtors filed their Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code. Dkt. No. 5325.

6.  On October 5, 2017, Whitebox filed a Transfer of Claim Notice Pursuant to Federal Rule of Bankruptcy Procedure 3001(e) (the "Transfer of Claim") that gives notice that the Claim was transferred from Earl to Cowen Special Investments LLC ("Cowen") (for whom Whitebox has been authorized to stand in). *See* Dkt. No. 7471. On October 18, 2017, Earl filed an Objection, which argues that it did not complete its transfer to Cowen and Whitebox. *See* Dkt. No. 7550.

7.  During a hearing on November 15, 2017, the Court permitted Whitebox and Earl to engage in discovery. November 15, 2017 Transcript, relevant excerpts of which are attached hereto as Exhibit A, at 19-20.

8.  On December 4, 2017, Whitebox served a 30(b)(6) Notice of Deposition on Earl. A copy of the December 4, 2017 notice is attached hereto as Exhibit B.

9.  On January 9, 2018, counsel to Whitebox asked Robert Earl, Chairman of Earl Enterprises, whether he had received a litigation hold. Robert Earl Deposition Transcript, relevant excerpts of which are attached hereto as Exhibit C, at 171:19-21. Mr. Earl responded, "I believe so." Whitebox's counsel then asked Earl's counsel to produce "the date and recipients of that memo." Id. at 171:25-172:1.

10. On January 10, 2018, Whitebox, through its counsel, took the deposition of Thomas

2

Avallone pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. During that deposition, counsel to Whitebox asked Mr. Avallone if he had received from his counsel a memo directing him to preserve all documents relevant to this dispute. Mr. Avallone responded "I don't recall." When further pressed about the date on which he would have received a litigation hold in this action, Mr. Avallone again responded "I don't recall." Thomas Avallone Deposition transcript, relevant excerpts of which are attached hereto as Exhibit D, at 134:25-135:1-6.

11. On January 24, 2018, counsel for Whitebox sent a letter to Earl's counsel (a copy of which is attached hereto as Exhibit E) requesting that Earl produce a copy of its litigation hold. Exh. E at 2.  Earl responded on January 25, 2018 (a copy of Earl's response is attached hereto as Exhibit F), and admitted "no litigation hold was issued" in this matter. Exh. F at 2.

12. On January 31, 2018, counsel for Whitebox requested (in a letter attached hereto as Exhibit G, including relevant letter attachments E and H) that, in light of Earl's failure to issue a litigation hold, Earl produce a corporate designee to testify about its collection of information responsive to Whitebox's discovery requests and Earl's document retention policy.  Exh. G at 3. At a meet and confer on January 31, 2018, counsel for Earl stated that he would oppose any motion for leave to take this deposition.

13. In an email dated February 1, 2018 (attached hereto as Exhibit H), Earl's counsel again stated that Earl would not consent to a second deposition.  Exh. H at 2.

14. As a result, Whitebox now files this motion seeking leave of the Court to compel a 30(b)(6) deposition of Earl's records custodian to inquire into the search relied on by Earl to identify and collect documents responsive to Whitebox's document requests and the steps taken by Earl to ensure that responsive information was not deleted or destroyed.

3

**Basis for Relief**

**A.     Applicable Law Permits Further Discovery on the Topic of Document Retention**

15.     Rule 30 of the Federal Rules of Civil Procedure (incorporated into the Federal Rules of Bankruptcy Procedure at Rule 7030) provides that a corporation that is party to litigation has a duty to produce a representative who "must" testify about information reasonably available to the organization.

16.     Rule 30 also provides that a party to litigation may to re-depose any deponent with leave of the Court, and that such leave, when requested, "must [be] grant[ed]…to the extent consistent with Rule 26(b)(1) and (2)."

17.     Here, Whitebox seeks a second 30(b)(6) deposition of Earl solely because it did not receive accurate or sufficient information from Earl in its initial Rule 30(b)(6) deposition. Only 15 days after Earl's failure to answer questions completely or accurately about its document retention policy at its prior 30(b)(6) deposition did its counsel disclose information regarding Earl's failure to order a litigation hold in conjunction with this matter. Given the timing of Earl's disclosure that it did not issue a litigation hold, Whitebox could not have obtained any sort of clarification about this subject during its scheduled deposition of Earl's corporate designee.

18.     In its letter on January 25, 2018, Earl stated that it was not required to issue a litigation hold. Exh. F at 2. The authority cited in this letter states to the contrary. *See Haynes v. Dart*, No. 08-cv-4834, 2010 WL 140387, *4 (N.D. Ill. Jan. 11, 2010) ("The court does not excuse defendants' failure to instruct Miller to retain relevant documents…"); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 437 (S.D.N.Y. 2010) ("To meet its obligations, the litigant must suspend its routine document retention/destruction policy and put in place a 'litigation hold'

4

to ensure the preservation of relevant documents.")

19. Here, Earl has admitted it did not issue a litigation hold and has stated only that "[t]here are two custodians with responsive, relevant documents, and their documents were not destroyed or misplaced, save Cowen's February 22, 2017 letter which Whitebox annexed to its initial motion."[1] Exhibit F at 2. Earl has produced its records retention policy, but has provided no other details concerning its preservation of documents. Thus, it is appropriate to permit additional limited discovery pursuant to Rule 30(b)(6).

20. By this motion, Whitebox seeks information relevant to understanding whether Earl's document preservation and collection efforts were reasonable. Where a party fails to issue a litigation hold to all appropriate custodians in a timely manner, it is appropriate for the party to produce additional information concerning its document preservation efforts. *See Sloan Valve Co. v. Zurn Industries, Inc*., No. 10-CV-204, 2012 WL 1886353, *14 (N.D. Ill. May 23, 2012); *Peerless Industries, Inc. v. Crimson AV, LLC*, No. 1:11-CV-1768, 2013 WL 85378, *3 (N.D. Ill. Jan. 8, 2013) (requiring defendants to produce a witness for deposition and show that it had searched for requested documents). Here, the Court should require Earl to give testimony on how it collected and preserved documents.

**B.     The Court Should Not Limit This Discovery Under Rule 26(b)(2)(C)**

21. Under Federal Rule of Civil Procedure 26(b)(2)(C)(i) (incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7026), the court must limit repeated discovery if it determines that the "the discovery sought is unreasonably cumulative or duplicative, or can be

---

[1] On February 1, 2018, Earl agreed to search the "emails" of three additional custodians. Exh. H at 3.

obtained from some other source that is more convenient, less burdensome, or less expensive." That is not the case here. *See, generally, Vennet v. Am. Intercontinetnal University Online*, No. 05 C 4889, 2007 WL 4442321, *4 (N.D. Ill. Dec. 13, 2017) ("Plaintiffs are entitled to conduct a Rule 30(b)(6) deposition concerning [Defendant's] computer network, phone system and document retention and destruction practices even if the person submitted is somebody who has previously been deposed in the other cases.").

22. Whitebox has not had any other opportunity to seek the requested information given the timing of Earl's disclosure that it did not issue a litigation hold, and this is not information that can be obtained from any other source.

23. Further, Whitebox attempted to resolve its differences with Earl by communicating with Earl's counsel regarding taking the proposed 30(b)(6) deposition in a good faith attempt to resolve this matter as called for under Local Rule 7037-1. Whitebox's attempts to do so, however, were unsuccessful due to Earl's refusal to participate in the proposed deposition, which counsel to Earl communicated to counsel to Whitebox both at a meet and confer held on January 31, 2018 and again in an email on February 1, 2018. *See* Exh. H at 2. ("You already took a 30(b)(6) deposition of Earl. We will not consent to a second deposition.")

24. Finally, any burden of the proposed deposition will be modest (an additional few hours sitting for deposition at a location of Earl's choosing) and is outweighed by its likely benefit – providing clarity on a topic with respect to which Earl's answers and explanations have shifted during the discovery process. Therefore, Whitebox's motion to compel a second deposition of Earl should be granted.

**Certification**

25. The undersigned counsel certifies pursuant to FRCP 26(c)(1) that the administrator has in good faith conferred or attempted to confer with Earl counsel in an effort to resolve this dispute without court action.

**Conclusion**

For the reasons set forth herein, Whitebox respectfully requests that the Court issue an Order compelling Earl to produce a witness who is able to testify fully regarding the topics set forth in Whitebox's proposed notice of deposition of Earl pursuant to FRCP 30(b)(6).

Date: February 7, 2018

/s/ Douglas S. Mintz
Douglas Mintz, Esq. (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C., 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Ayanna Lewis-Gruss (admitted *pro hac vice*)
Peter J. Amend, Esq. (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

-and-

Aaron L. Hammer (IL No. 6243069)
Jack O'Connor (IL No. 6302674)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312.704.9400
Facsimile: 312. 372.7951
ahammer@SFGH.com

joconnor@SFGH.com

*Co-Counsel for Whitebox Advisors LLC.*