# EXHIBIT E



**BY EMAIL**

January 24, 2018

Mr. Jeffrey Chubak
Storch Amini PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10007

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
orrick.com

Ayanna Lewis-Gruss

E  alewisgruss@orrick.com
D  +1 212 506 3719
F  +1 212 506 5151

Re: *In re Caesars Entertainment Operating Company, et. al. Case No. 15-01145.*

Dear Mr. Chubak,

I write to follow up on requests made during the depositions of Robert Earl and Thomas Avallone that your client Earl of Sandwich (Atlantic City) LLC produce documents referenced during the depositions. All of the documents requested below should have been produced in response to Whitebox's October 19, 2017 Document Requests ("RFPs").

As you are aware, Earl has put Mr. Avallone's authority to enter into an agreement to trade Earl's bankruptcy claim to Cowen at issue. Accordingly, Whitebox seeks "documents concerning Mr. Avallone's job responsibilities as Vice Chairman of Earl Enterprises[,]" "documents sufficient to identify the scope of Mr. Avallone's authority at Earl, including any organization charts in which he is included[,]" and "documents sufficient to show any deals, agreements, or negotiations in which Mr. Avallone participated or with which he was involved during the course of his employment at Earl." (RFP Nos. 13-15.) In response, Earl agreed only to produce "documents … sufficient to describe Mr. Avallone's positions at Earl, and an organization chart listing Earl's ownership structure."

Since receiving Earl's responses to the RFPs, you and I have engaged in multiple discussions concerning the limited scope of Earl's response to RFP Nos. 13-15. The testimony of both Mr. Earl and Mr. Avallone highlighted the need for Earl to respond more fully to RFPs No. 13-15, and both witnesses identified specific responsive documents that exist in Earl's files.

First, both Mr. Earl and Mr. Avallone testified that the "partial organizational chart" produced by Earl bearing the Bates number EARL 031 is inaccurate. Rough Transcript of January 8, 2018 Deposition of Robert Earl ("Earl Tr.") at 17:3-15. I asked you during Mr. Earl's deposition to produce a document that lists the correct names of the relevant corporate entities. *Id.* at 17:18-20. You responded that you would do so if the name listed for the family trust was "in fact incorrect." *Id.* at 17:21. Mr. Avallone confirmed that the name was in fact incorrect during his deposition the next day. Rough Transcript of January 9, 2018 Deposition of Thomas Avallone ("Avallone Tr.") at 27:15-20.

Second, the document bearing Bates number EARL 031 is by your own admission a "partial organizational chart." Given the incomplete and inconsistent testimony provided by Earl's witnesses

Mr. Jeffrey Chubak
January 24, 2018
Page 2 of 3



concerning the corporate structure of Planet Hollywood International, Earl Enterprises and the ownership of Earl of Sandwich (Atlantic City), LLC, we repeat our demand that Earl produce a complete organizational chart. This is not a burdensome request as Mr. Avallone testified that either Earl Enterprises or Planet Hollywood International maintains a chart that lists all of the companies that it owns, operate or otherwise has an interest in. Avallone Tr. at 18:17-21.

Third, I repeat my demand that Earl produce a document listing the corporate officers, directors and managers of Planet Hollywood International, its subsidiaries, and affiliates. Earl Tr. at 147: 6-11. This document is necessary to understand Mr. Avallone's role within the umbrella of Earl Enterprises. Mr. Avallone testified that he is an officer of "99 percent of all the entities of Planet Hollywood, Earl of Sandwich, Rawhide Holdings, mostly – all the entities, 99 percent of them." Avallone Tr. at 20:7-11. Mr. Earl, however, was unable to identify the corporate officers, directors and managers of Planet Hollywood International and its subsidiaries. *See e.g.* Earl Tr. at 147: 6-11. Mr. Earl directed me to "look at the company tree" to determine whether he is the CEO of Planet Hollywood International. *Id.* Mr. Avallone testified that Planet Hollywood maintains a documents that lists all directors, officers and managers of any company that it owns, controls or otherwise operates. Avallone Tr. at 18:24-19:3. This request is not burdensome and, therefore, we expect that Earl will produce the "company tree" and the document referenced by Mr. Avallone during his deposition.

Fourth, neither Mr. Avallone nor Mr. Earl could explain the legal status of Earl Enterprises. *See, e.g.,* Earl Tr. 13:20-14:6; Avallone Tr. at 13:4-14:12. Mr. Avallone testified that Earl Enterprises is "just a name[,]" but Mr. Sirolly identified himself as Deputy General Counsel of Earl Enterprises. *Compare* Avallone Tr. 13:23-14:3 and Earl Tr. 5:14-15. Given that Mr. Avallone holds himself out as the Vice Chairman of Earl Enterprises (Avallone Tr. at 13:1-2), Whitebox demands that Earl produce information sufficient to identify the legal status of Earl Enterprises and what, if any, responsibilities Mr. Avallone has as Vice Chairman. We further demand that Earl produce information sufficient to identify all directors, officers and managers of Earl Enterprises, and all companies that fall within its "umbrella."

Fifth, please confirm that there are no written communications between Earl and the Unsecured Creditors' Committee concerning the question of how a potential sale of the Claim would impact Earl's rights and responsibilities on the committee. If you cannot so confirm, please produce any such written communications.

Sixth, during Mr. Earl's deposition I requested that Earl identify the date or dates on which it sent a litigation hold to individuals likely to have responsive information and identify the recipients of the litigation hold. Earl Tr. 163:23-25. We now demand, consistent with RFP No. 16, that Earl immediately produce the litigation hold it issued in this matter.

Seventh, Mr. Earl testified that he keeps a hand written diary of his appointments. Earl Tr. 162:22-163:2. Mr. Earl did not recall whether he provided the diary to counsel or whether it had been reviewed by counsel. *Id.* at 163:5-11. Please confirm that Mr. Earl's diary was reviewed for information responsive to the RFPs. If it was not, please do so immediately and produce any responsive pages.

Eighth, Mr. Earl testified that he "very rarely" types his own emails and that most of his emails are typed by his assistant Amanda Simmerman. Earl Tr. 86:10-19. Mr. Avallone testified that he did not know whether the files of his secretary Lori Connell were searched for responsive documents. Avallone Tr. 133:13-16. Please confirm that Ms. Simmerman and Ms. Collins received the litigation hold and that both

Mr. Jeffrey Chubak
January 24, 2018
Page 3 of 3



her electronic and hard copy documents and files were searched for responsive information. If you cannot so confirm, please collect and search Ms. Simmerman's and Ms. Connell's files immediately.

Please provide me with a written response by 5 p.m. on Thursday, January 25, 2018 and produce any additional documents by 5 p.m. on Friday, January 26, 2018. Otherwise we will consider filing a motion to compel and seeking appropriate sanctions.

Sincerely,

Ayanna Lewis-Gruss

Copies to:
    Cindy Chen Delano, Esq.
    Douglas S. Mintz, Esq.
    Aaron L. Hammer, Esq.
    Jeffrey C. Sirolly, Esq
    Joseph Frank, Esq.