**United States Bankruptcy Court, Northern District of Illinois**

| Name of Assigned Judge | A. Benjamin Goldgar | **CASE NO.** | 15 B 1145 |
|---|---|---|---|
| **DATE** | February 13, 2018 | **ADVERSARY NO.** | |
| **CASE TITLE** | Caesars Entertainment Operating Co., Inc. | | |
| **TITLE OF ORDER** | Order denying motion *in limine of* Earl of Sandwich (Atlantic City), LLC without prejudice | | |

**DOCKET ENTRY TEXT**

The motion *in limine* of Earl of Sandwich (Atlantic City), LLC to exclude the expert report of Peter M. Lupoff is denied without prejudice as premature.

**[For further details see text below.]**

**STATEMENT**

Currently pending in the Caesars bankruptcies is a dispute between Whitebox Advisors, LLC ("Whitebox") and Earl of Sandwich (Atlantic City), LLC ("Earl") arising out of a purported claim transfer. Whitebox contends the claim was transferred; Earl says it was not. The parties are engaged in discovery, some of it apparently involving experts. Earl has now filed a motion *in limine* to exclude the expert report of one Peter M. Lupoff.

The motion will be denied as premature. Motions *in limine* are designed to avoid the prejudicial effect of evidence by addressing its admissibility in advance. 1 Charles Alan Wright & Kenneth W. Graham, Jr. *Federal Practice & Procedure* ¶ 5037.10 at 757 (2d ed. 2005); *see also Empire Bucket, Inc. v. Contractors Cargo Co.*, 739 F.3d 1068, 1071 n.3 (7th Cir. 2014). The proper time for making a motion *in limine* is evident from the name itself. Loosely translated from Latin, "in limine" means "at the threshold," Wright & Graham, *supra*, ¶ 5037.10 at 757 – that is, at the threshold of trial. Motions *in limine* are typically made right before trial. *See United States v. Crawford*, 66 F. Supp. 3d 1311, 1320 (D. Or. 2014); *Automobile Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, 08-CV-623(A)(M), 2010 WL 3655743, at *4 (W.D.N.Y. Sept. 15, 2010); *Eichler v. Sherbin*, No. CIV S-04-1108 GEB JFM, 2006 WL 2781746, at *5 (E.D. Cal. Sept. 25, 2006). They are also typically addressed right before trial. *Crawford*, 66 F. Supp. 3d at 1320.

Here, no trial has been scheduled. (Indeed, there may never be one. Not every contested

## STATEMENT

matter requires a trial; the matter may be resolved on summary judgment. *See* Fed. R. Bankr. P. 9014(c) (making Rule 7056 applicable to contested matters)). Because no trial has been scheduled, neither side has submitted a list of the exhibits that may be offered at trial. Therefore, Whitebox has not proposed to offer into evidence the Lupoff report that has drawn Earl's attention. With the report not even a potential exhibit at the yet-to-be-scheduled trial, the time for Earl to seek to exclude the report as evidence has not yet arrived. Considering the request at this juncture would be a waste of the court's and the parties' resources.[1/] *See Green v. Kubota Tractor Corp.*, No. 09 C 7290, 2012 WL 1416465, at *2 (N.D. Ill. Apr. 24, 2012) (noting that the court had stricken the parties' motions *in limine* as premature where no trial date had been set); *Eichler*, 2006 WL 2781746, at *5 (denying motion *in limine* as premature).

      Even if a trial in this matter had been set and the report listed as a possible exhibit, consideration of Earl's motion would likely have been deferred until trial. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (noting that trial courts have discretion to defer ruling on motions *in limine*). Any trial will be a bench trial; no jury will hear the evidence. Motions *in limine* are less important in bench trials where concerns about undue prejudice "are minimal." *United States v. Brown*, No. 15 C 3283, 2017 WL 219521, at *1 (N.D. Ill. Jan. 19, 2017). Particularly where experts are concerned, the court in a bench trial has the flexibility to admit the evidence provisionally "and then discount or disregard it if upon further reflection it is entitled to little weight or should not have been admitted at all." *Bone Care Int'l, LLC v. Pentech Pharm.*, No. 08 C 1083, 2010 WL 3894444, at *1 (N.D. Ill. Sept. 30, 2010), *op. clarified on other grounds*, 2010 WL 3909509 (Oct. 4, 2010); *see also Brown*, 2017 WL 219521, at *1.

      Because Earl's motion *in limine* is premature, the motion is denied without prejudice. Earl may move *in limine* to exclude the Lupoff report once a trial date has been set – and then at the proper time under the final pretrial order.[2/]

---

    [1/]    A trial will be scheduled only once discovery is closed and it is apparent neither side intends to file a potentially dispositive motion. A final pretrial order in the form the undersigned judge customarily uses will then be entered. (For a recent example, *see BMO Harris Bank, N.A. v. Brahos*, No. 16 A 358, Dkt. No. 66). The order will set dates for the parties to submit pretrial materials. Those materials will include lists of witnesses and exhibits. The order will also set a deadline for filing motions *in limine* and a briefing schedule for any motions filed. At that point, not before, a motion like the one here will be entertained.

    [2/]    Should Earl decide to do so, it may be worth noting that the legal arguments Earl advances for the report's exclusion are probably more involved than necessary. Except in the unlikely event an exception to the rule applies, expert reports are hearsay and therefore inadmissible. *Hackel v. National Feeds, Inc.*, No. 12-cv-642-wmc, 2014 WL 37293, at *2 (W.D. Wis. Jan. 3, 2014) (declaring that "all expert reports . . . are hearsay"); *King v. Kramer*, No. 10-cv-123-wmc, 2012 WL 6150244, at *1 (W.D. Wis. Dec. 11, 2012) ("Expert reports are classic

**STATEMENT**

Dated: February 13, 2018

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

---

hearsay and will not be admitted into evidence . . . ."); *Henriksen v. United States*, No. 09 C 2398, 2011 WL 13239142, at *1 (N.D. Ill. Apr. 29, 2011); *Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705, 724-25 (N.D. Ill. 2009); *Sommerfield v. City of Chi.*, 254 F.R.D. 317, 328-29 (N.D. Ill. 2008) (calling expert report "hearsay in its most pristine form").

-3-