# **EXHIBIT 11**

**Whitebox Interrogatory Responses**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Caesars Entertainment Operating Company, Inc., *et al.*, | : | Case No. 15-01145 |
| | : | |
| Debtors. | : | |
| | : | Jointly Administered |

----------------------------------------------------------------x

**WHITEBOX ADVISORS LLC'S REVISED RESPONSES AND OBJECTIONS TO
EARL OF SANDWICH'S FIRST SET OF INTERROGATORIES**

Whitebox Advisors LLC ("Whitebox"), by and through its undersigned attorneys, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7033 and Federal Rules of Civil Procedure 26 and 33, hereby responds and objects to Earl of Sandwich LLC's ("Earl") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Whitebox objects to each interrogatory to the extent Earl seeks information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege against disclosure of information. To the extent that supplying the information requested would result in waiver of any privilege or objection based on the attorney-client privilege, work-product doctrine, or other applicable privilege, Whitebox objects to providing such information and will not do so. To the extent Whitebox inadvertently provides any information falling within the attorney-client privilege, work-product doctrine or other applicable privilege or immunity, Whitebox does not intend to waive the applicable privilege or immunity. To the extent Whitebox provides any information falling within the attorney-client privilege and/or attorney work-product doctrine and it is later held that Whitebox waived the applicable privilege or

immunity, such waiver shall apply only to the extent of the information provided.

2. Whitebox objects to these interrogatories to the extent that they exceed or impose upon Whitebox duties beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and/or other applicable law.

3. Whitebox objects to these interrogatories to the extent that they are unreasonably broad and unduly burdensome, would require identification of information that is not reasonably calculated to lead to the discovery of admissible evidence and/or not within Whitebox's custody and/or control, or would require information that is not sufficiently related to the issues of this litigation to make the effort to obtain such information reasonable.

4. Whitebox objects to the use of defined terms to the extent they make the interrogatories (and any of them) cumbersome, confusing, vague and unclear.

5. Whitebox further objects to the interrogatories to the extent that they seek information not currently in Whitebox's possession, custody or control, on the grounds that any definition or topic would seek to require of Whitebox more than any obligation imposed by law, are overly broad, would subject Whitebox to unreasonable and undue annoyance, oppression, burden and expense, or would impose upon Whitebox an obligation to investigate information or materials from third parties or services who are equally accessible to Earl.

6. Whitebox objects to the interrogatories to the extent that they seek information (a) that is not in the possession, custody, or control of Whitebox; (b) that Whitebox cannot locate after a reasonably diligent search; or (c) that refers to persons, entities, or events not known to Whitebox. To the extent that Whitebox provides information in response to the interrogatories, Whitebox does so based upon a reasonably diligent search for responsive information within its possession, custody or control.

7. Whitebox objects to the interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other legally applicable privilege or immunity. The inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege.

8. Whitebox objects to the interrogatories to the extent that they call for the production of proprietary business information or other private or confidential information of Whitebox and/or Whitebox's directors, officers, and employees. Subject to, and without waiving any other objections, the production of any business records will be made subject to the parties' execution and the court's entry of a Stipulation and Order Governing the Production, Exchange and Filing of Confidential Material, substantially in the form of the draft order attached hereto at Tab A.

9. Whitebox objects to the interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Any response or provision of information in response to the interrogatories is not intended, and shall not be construed, as an admission that any factual predicates stated in the Interrogatories are accurate.

10. Whitebox objects to the interrogatories to the extent that the time periods concerning which responses are requested are not specified, rendering the interrogatories overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

11. Discovery is ongoing and Whitebox reserves the right at any time to revise, modify, supplement or clarify any of the responses herein set forth.

## RESPONSES AND OBJECTIONS

Without waiving any of these general objections, and incorporating each of them by reference into each response below, Whitebox responds more specifically to Earl's individual interrogatories as follows:

**INTERROGATORY NO. 1:**

State all of the terms of the Earl-Cowen Agreement.

**RESPONSE TO INTERROGATORY NO. 1:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this interrogatory on the grounds that it calls for a legal conclusion. All terms of the Earl-Cowen Agreement or any other agreement by and between Earl and Cowen with respect to the Claim, to the extent Whitebox is aware of such terms, are identified in the emails exchanged between Thomas Avallone, Vice-Chairman of Earl Enterprises, and Gail Rosenblum and Bradly Schwab of Cowen Special Investments ("Cowen") between January 11 and January 12, 2017, and in the Trade Agreement prepared by Cowen, which Gail Rosenblum sent to Thomas Avallone on January 12, 2017. Whitebox responds to this interrogatory by reference to the above listed documents pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure ("Rule 7033") and Rule 33(d)(2) of the Federal Rules of Civil Procedure ("Rule 33(d)(2)").

**INTERROGATORY NO. 2:**

State all conditions to closing of the transaction contemplated by the Earl-Cowen Agreement.

**RESPONSE TO INTERROGATORY NO. 2:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this interrogatory on the ground that it calls for a legal conclusion. The terms of the Earl-Cowen Agreement, including any conditions to closing of the transaction, are set forth in the emails exchanged between Thomas Avallone, Vice-Chairman of Earl Enterprises, and Gail Rosenblum and Bradly Schwab of Cowen Special Investments ("Cowen") between January 11 and January 12, 2017, and in the Trade Agreement prepared by Cowen, which Gail Rosenblum sent to Thomas Avallone on January 12, 2017. Whitebox responds to this interrogatory by reference to the above listed documents pursuant to Rule 7033 and 33(d)(2).

**INTERROGATORY NO. 3:**

State whether and how each condition to closing identified in response to Interrogatory No. 2 was satisfied.

**RESPONSE TO INTERROGATORY NO. 3:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this interrogatory on the ground that it both assumes that there were any conditions to closing the sale of the Claim by Earl to Cowen and calls for a legal conclusion.

5

**INTERROGATORY NO. 4:**

State the consideration paid by Whitebox to Cowen in exchange for Cowen's interest in Claim No. 5858, filed by Earl.

**RESPONSE TO INTERROGATORY NO. 4:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. Whitebox further objects to this interrogatory on the ground that it calls for a legal conclusion and calls for the production of confidential and proprietary business information. In accordance with Rule 7033 and Rule 33(d)(2), Whitebox will produce business records sufficient to identify the terms of the financial consideration agreed to by Whitebox and Cowen in January 2017, when Whitebox acquired Cowen's interest in Claim 5858.

**INTERROGATORY NO. 5:**

Identify all individuals, whether or not employed by You, with knowledge or information concerning the Earl-Cowen Agreement.

**RESPONSE TO INTERROGATORY NO. 5:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. In response to this interrogatory Whitebox identifies Thomas Avallone and Robert Earl of Earl, and Brian Seyfried, Bradly Schwab, Gail, Rosenblum, and John Mori of Cowen. Whitebox further states that other individuals with knowledge or information concerning the Earl-Cowen Agreement may be identified in the documents that Whitebox will produce in this matter.

**INTERROGATORY NO. 6:**

Identify all individuals, whether or not employed by You, with knowledge or information concerning the A&R Agreement.

**RESPONSE TO INTERROGATORY NO. 6:**

See General Objections and Responses 1 – 11, which are incorporated by reference as though set forth fully herein. In response to this interrogatory Whitebox identifies Amit Patel, Cindy Delano Chen, and Scott Specken of Whitebox, Scott Balber, Bradly Schwab, Gail Rosenblum, John Mori, Jillian Bottge, and Brian Seyfried of Cowen, and Douglas Mintz, Amy Pasacreta, Matt Fechik, and Peter Amend of Orrick, Herrington & Sutcliffe. Whitebox further states that other individuals with knowledge or information concerning the A&R Agreement may be identified in the documents that Whitebox will produce in this matter.

Dated: December 27, 2017
New York, NY

By: _____
Ayanna Lewis-Gruss, Esq. (admitted *pro hac vice*)
Peter J. Amend, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Douglas Mintz, Esq. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C., 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

-and-

Aaron L. Hammer (IL No. 6243069)
Jack O'Connor (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312.704.9400
Facsimile: 312. 372.7951
ahammer@SFGH.com
joconnor@SFGH.com

*Co-Counsel for Whitebox Advisors LLC.*

## VERIFICATION

I, Elissa Weddle, pursuant to the provisions of 28 U.S.C. § 1746 declare and state as follows:

I am the Chief Legal Officer of Whitebox Advisors LLC ("Whitebox"). I am authorized to make this verification on Whitebox's behalf. I have read Whitebox's Responses and Objections to Earl of Sandwich's First Set Of Interrogatories (the "Response"). The answers set forth in the Responses were assembled and prepared by counsel for Whitebox based on information provided to counsel by employees and or/contained in documents maintained by Whitebox. To the best of my knowledge, information, and belief, and based, as well, on information provided to me, the factual responses set forth therein are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on December 27, 2017.

_____
Elissa Weddle