# EXHIBIT A

**From:** Thomas Avallone [mailto:TAvallone@planethollywoodintl.com]
**Sent:** Tuesday, February 28, 2017 4:07 PM
**To:** Rosenblum, Gail <Gail.Rosenblum@cowen.com>
**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>; Seyfried, Bryan <Bryan.Seyfried@cowen.com>
**Subject:** RE: Sale of Claim in Caesars - Cowen Special Investments

[External Sender]
Dear Gail
I received a note from Bryan Seyfried alleging that we had deal to sell our claim.  Please note that is not true as indicated by your email below.  I always stated that any sale would require approval from the owner of the business.
Regards,
Tom

**Thomas Avallone**
**Vice Chairman**
**earl**enterprises™
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™| Dinner Date®
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555   fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** Rosenblum, Gail [mailto:Gail.Rosenblum@cowen.com]
**Sent:** Tuesday, January 24, 2017 4:23 PM
**To:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>
**Subject:** Sale of Claim in Caesars - Cowen Special Investments

Hello Thomas,

I wanted to take a minute to follow up to the emails and calls last week, and provide a quick update on the case.

We have been in touch with the claims agent and an attorney and although the Plan was confirmed, it is not yet effective, and the Agent is still transferring Caesars claims. The attorney stated that it typically takes a while for the Effective Date conditions in the Plan to be satisfied.

Should you wish to speak further regarding the sale of the Earl of Sandwich claim, I hope you will contact Brad or me.

Regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

**From:** Rosenblum, Gail
**Sent:** Wednesday, January 18, 2017 9:33 AM

**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>; Mori, John <John.Mori@cowen.com>
**Subject:** FW: Sale of Claim in Caesars - Cowen Special Investments

Good morning Thomas,

I was hoping to have the opportunity to speak with you by phone or communicate by email and discuss the proposed transaction. As previously mentioned, we are prepared to proceed, however language in the agreement will need to change slightly as a result of yesterday's hearing and confirmation of the Plan.

Would you kindly advise by noon, eastern time today if you plan to move ahead with the transaction or we will assume you are no longer interested.

Regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

**From:** Rosenblum, Gail
**Sent:** Tuesday, January 17, 2017 4:26 PM
**To:** 'tavallone@earlenterprise.com' <tavallone@earlenterprise.com>
**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>; Mori, John <John.Mori@cowen.com>
**Subject:** FW: Sale of Claim in Caesars - Cowen Special Investments

Hi Thomas,

I wanted to follow up to the message I left with Laurie this afternoon.

Today's hearing in the Caesars Bankruptcy has concluded and an Order confirming the Plan of Reorganization has been filed with the courts.

We initially anticipated that confirmation of the Plan might prevent us from proceeding, however, we are able to move forward and complete a transaction. As we are no longer under a tight deadline, there is additional time for your review of the document. We are available to address any questions or concerns you may have about the document or process, and are accustomed to working with our counterparties to negotiate a mutually agreeable agreement.

I hope you will let me know how I may assist with this process and look forward to hearing from you.

Kind regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

CONFIDENTIAL                                                                    WBA-0000161

**From:** Rosenblum, Gail
**Sent:** Monday, January 16, 2017 4:02 PM
**To:** tavallone@earlenterprise.com
**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>; Mori, John <John.Mori@cowen.com>
**Subject:** Fwd: Sale of Claim in Caesars - Cowen Special Investments

Hello Thomas,

I wanted to follow up  to our call late Friday. As mentioned, I remain available by email and phone to further discuss the sale of the Caesars claim.

Regards,
Gail

Begin forwarded message:

> **From:** "Rosenblum, Gail" <Gail.Rosenblum@cowen.com>
> **Date:** January 13, 2017 at 9:10:00 AM EST
> **To:** "tavallone@earlenterprise.com" <tavallone@earlenterprise.com>
> **Cc:** "Schwab, Bradly" <Bradly.Schwab@cowen.com>, "Mori, John" <John.Mori@cowen.com>
> **Subject:** FW: Sale of Claim in Caesars - Cowen Special Investments
>
> Good morning Thomas,
>
> It appears I missed a call from you last night. I tried reaching you this morning but was not successful.
>
> I am at my desk and available to speak. I look forward to answering any questions you may have and discussing the next steps.
>
> Regards,
> Gail
> Gail Rosenblum
> Vice President
> Cowen Special Investments
> 830 Third Avenue, 4th Floor
> New York, NY 10022
> (O): 646-616-3082
> Gail.Rosenblum@cowen.com
>
>
>
> **From:** Rosenblum, Gail
> **Sent:** Thursday, January 12, 2017 5:37 PM
> **To:** 'tavallone@earlenterprise.com' <tavallone@earlenterprise.com>
> **Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>
> **Subject:** FW: Sale of Claim in Caesars - Cowen Special Investments
>
> Hello Thomas,
>
> I wanted to quickly follow up to my earlier email and see if you have had a chance to review the agreement and have initial comments or questions. Brad and I are available by phone and email to discuss the claim and process.

We look forward to hearing from you.

Regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

**From:** Rosenblum, Gail
**Sent:** Thursday, January 12, 2017 1:24 PM
**To:** 'tavallone@earlenterprise.com' <tavallone@earlenterprise.com>
**Cc:** Schwab, Bradly <Bradly.Schwab@cowen.com>; Mori, John <John.Mori@cowen.com>
**Subject:** Sale of Claim in Caesars - Cowen Special Investments

Good afternoon Thomas,

I am following up to your recent conversations with Brad Schwab regarding your claim in the Caesars Bankruptcy.

Attached you will find a draft document for review.  This transaction is subject to the satisfactory completion of due diligence, including confirmation that the claim is an allowed claim. Would you kindly forward the documentation you received from the Debtor confirming this fact. In addition, we will need to receive and review any other documentation you may have supporting the claim.

It appears two claims (numbers 5858 and 5497)  have been filed for the Earl of Sandwich (Atlantic City). Would you confirm the status of each claim.

As you know we are working on a tight timeframe and thus are forwarding this draft document for your review, prior to diligence review,  completion to include language confirming the claim is allowed, and further review and comment by our counsel.

We would be happy to answer any questions you may have.

Kind regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email

considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Cowen Group, Inc. nor any of its affiliates ("Cowen") represent that any of the information contained herein is accurate, complete or up to date, nor shall Cowen have any responsibility to update any opinions or other information contained herein.
-----------------------------------------------------------------------------------------------------------------------------
----------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Cowen Group, Inc. nor any of its affiliates ("Cowen") represent that any of the information contained herein is accurate, complete or up to date, nor shall Cowen have any responsibility to update any opinions or other information contained herein.

WBA-0000164

**From:** Schwab, Bradly
**Sent:** Thursday, January 12, 2017 9:52 AM
**To:** Rosenblum, Gail <Gail.Rosenblum@cowen.com>; Mori, John <John.Mori@cowen.com>
**Subject:** FW: RE: Sale of claims in Caesars/54%

Gail – Please forward Thomas a document. Thanks.

**From:** Thomas Avallone [mailto:TAvallone@planethollywoodintl.com]
**Sent:** Thursday, January 12, 2017 9:47 AM
**To:** Schwab, Bradly <Bradly.Schwab@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

Please forward draft document.

**Thomas Avallone**
**Vice Chairman**
**earl**enterprises™
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™| Dinner Date®
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555   fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** Schwab, Bradly [mailto:Bradly.Schwab@cowen.com]
**Sent:** Thursday, January 12, 2017 8:34 AM
**To:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Cc:** Mori, John <John.Mori@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

Thomas – as a follow-up to my below email and our quick conversation, my acceptance of your offer is good through 11am eastern time today, January 12th. After which you will need to check back in with me to see if I am still able to transact at your offered level.

As I am sure you can appreciate, there are numerous other parties seeking to close transactions prior to the January 17th deadline rather than hold equity. If this is a transaction Planet Hollywood would like to pursue then we need to move quickly. As mentioned I can forward a draft document for your review.

Please let me know ASAP so I can plan accordingly and accommodate you. So you are aware, it's a bank holiday on Monday which accelerates the need to move quickly.

Feel free to give me a call with any question.

Regards,

Brad

Bradly D. Schwab | Managing Director
Head of Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
O: 646.616.3081
Bradly.schwab@cowen.com

WBA-0000166

**From:** Schwab, Bradly
**Sent:** Wednesday, January 11, 2017 3:47 PM
**To:** 'Thomas Avallone' <TAvallone@planethollywoodintl.com>
**Cc:** Mori, John <John.Mori@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

Thomas  - as a follow-up to the below. I would be a buyer of your $3.6mm allowed CZR claim at $2.15 million or 59.72% of the allowed face amount subject to (a) written confirmation from the debtor that the claim is a Class I and allowed (b) additional due diligence (c) documentation and (d) closing before close of business Tuesday January 17th.

Please confirm that you are good with the above terms and I will forward you a purchase and sale agreement for review.

Thank you and I look forward to working together.

Regards,

Brad

Bradly D. Schwab | Managing Director
Head of Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
O: 646.616.3081
Bradly.schwab@cowen.com

**From:** Thomas Avallone [mailto:TAvallone@planethollywoodintl.com]
**Sent:** Wednesday, January 11, 2017 2:38 PM
**To:** Schwab, Bradly <Bradly.Schwab@cowen.com>
**Cc:** Mori, John <John.Mori@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

I can easily get a letter from the Debtor/Restructuring Officer confirming nature of the claim amount as undisputed and allowed if we decide to move forward

**Thomas Avallone**
**Vice Chairman**
**earl**enterprises™
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™| Dinner Date®
4700 Millenia Blvd., Suite #400
Orlando, Florida 32839
phone | 407.903.5555   fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** Schwab, Bradly [mailto:Bradly.Schwab@cowen.com]
**Sent:** Wednesday, January 11, 2017 2:17 PM
**To:** Thomas Avallone <TAvallone@planethollywoodintl.com>

**Cc:** Mori, John <John.Mori@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

Thomas – thank you for the below clarifications.

As for it being allowed, I am on the claims register at Prime Clerk and see the two "asserted claims" but nothing that shows them as being "allowed"

It sounds as if Earl Enterprises settled the claims with the estate – do you happen to have any support documentation confirming this, either a settlement agreement or an allowance letter/correspondence.

I would have interest at 59.72% subject to confirming the above. Please let me know.

Thanks,

Brad

Bradly D. Schwab | Managing Director
Head of Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
O: 646.616.3081
Bradly.schwab@cowen.com

**From:** Thomas Avallone [mailto:TAvallone@planethollywoodintl.com]
**Sent:** Wednesday, January 11, 2017 2:04 PM
**To:** Schwab, Bradly <Bradly.Schwab@cowen.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

SEE BELOW

**Thomas Avallone**
**Vice Chairman**
**earl**enterprises™
**Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™| Dinner Date®**
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555   fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** Schwab, Bradly [mailto:Bradly.Schwab@cowen.com]
**Sent:** Wednesday, January 11, 2017 1:59 PM
**To:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Cc:** Barrett Mikelberg <barrettmikelberg@yahoo.com>
**Subject:** RE: RE: Sale of claims in Caesars/54%

Thomas – was forwarded your below note to Barrett. Barrett and I have worked together for the past 10 years.

CONFIDENTIAL

Was wondering if you have support documentation regarding the claim being allowed as you mention below. I do see that it was filed for $3.6 million as well as $4.5 million. Was Disputed at $4.5 – we settled at $3.6 million – Prime Clerk has it as a Class I Undisputed allowed claim

Moreover, please confirm, but it sounds like you are offering the paper for sale at $2.15 million or approximately 59.72% of the face claim amount.  Is that correct? YES Would you have any flexibility? NO

Please let us know as I am confident we can make something work.

Regards,

Brad

Bradly D. Schwab | Managing Director
Head of Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
O: 646.616.3081
Bradly.schwab@cowen.com

**From:** bmikelberg@triaxadvisors.com [mailto:bmikelberg@triaxadvisors.com]
**Sent:** Wednesday, January 11, 2017 1:50 PM
**To:** barrettmikelberg@yahoo.com
**Subject:** FW: RE: Sale of claims in Caesars/54%

-----Original Message-----
From: "Thomas Avallone" <TAvallone@planethollywoodintl.com>
Sent: Wednesday, January 11, 2017 12:59pm
To: "bmikelberg@triaxadvisors.com" <bmikelberg@triaxadvisors.com>
Subject: RE: Sale of claims in Caesars/54%

May be a seller of my $3.6 million undisputed allowed claim for $2.15 million cash.  Interested?

**Thomas Avallone**
**Vice Chairman**
**earl**enterprises™
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™ | Dinner Date®
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555    fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** bmikelberg@triaxadvisors.com [mailto:bmikelberg@triaxadvisors.com]
**Sent:** Tuesday, December 13, 2016 4:36 PM
**To:** bmikelberg@triaxadvisors.com
**Cc:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Subject:** RE: Sale of claims in Caesars/54%

Tom,

Hope all is well. Just keeping you in the loop as the market for claims is 50+. We would have interest at 54% for a year end transaction. As you know there there is a price fluxuation when the stock is issued. Keep us in mind if things change and your group would consider a year- end transaction. (No Recourse)

Barrett

-----Original Message-----
From: "Thomas Avallone" <TAvallone@planethollywoodintl.com>
Sent: Thursday, October 20, 2016 11:52am
To: "bmikelberg@triaxadvisors.com" <bmikelberg@triaxadvisors.com>
Subject: RE: Sale of claims in Caesars/50

Thanks, but I think we will take the settlement instead.

**Thomas Avallone**
**Vice Chairman**
**earlenterprises™**
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™ | Dinner Date®
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555    fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** bmikelberg@triaxadvisors.com [mailto:bmikelberg@triaxadvisors.com]
**Sent:** Thursday, October 20, 2016 11:49 AM
**To:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Cc:** Herzberg, Jarred <jarred.herzberg@cantor.com>; Sarachek, Joseph <joseph.sarachek@cantor.com>
**Subject:** RE: Sale of claims in Caesars/50

Thomas,

My trading desk can push to get a 50 bid for you. Please confirm if your group has interest at that level and we will draft a Trade Confirmation/Term Sheet for your consideration/review. That's the roof as far as where we can buy it. 4th Qtr/EOY is usually a great time to move paper off the books.

Barrett
-----Original Message-----
From: "Thomas Avallone" <TAvallone@planethollywoodintl.com>
Sent: Thursday, October 20, 2016 10:27am
To: "bmikelberg@triaxadvisors.com" <bmikelberg@triaxadvisors.com>
Subject: RE: Sale of claims in Caesars/Upper 40s

Would have to start with a 5 for us to even consider it.

**Thomas Avallone**
**Vice Chairman**
**earlenterprises™**
Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™ | Dinner Date®
4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555    fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** bmikelberg@triaxadvisors.com [mailto:bmikelberg@triaxadvisors.com]
**Sent:** Thursday, October 20, 2016 10:19 AM
**To:** bmikelberg@triaxadvisors.com
**Cc:** Thomas Avallone <TAvallone@planethollywoodintl.com>
**Subject:** RE: Sale of claims in Caesars/Upper 40s

CONFIDENTIAL

Would an upper 40 bid entice your group to a potential sale of claim? Let me know and we can look to secure a bid/draft term sheet for your groups consideration.

Barrett Mikelberg
Triax Capital/Cantor Special Investments
Bankruptcy and Special Situations
direct: (561)893-6296
cell:(312) 504 -7409
www.cantor.com

-----Original Message-----
From: bmikelberg@triaxadvisors.com
Sent: Friday, October 14, 2016 2:13pm
To: bmikelberg@triaxadvisors.com
Cc: "Thomas Avallone" <tavallone@planethollywoodintl.com>
Subject: RE: Sale of claims in Caesars Entertainment/Earl of Sandwich

Thomas,

Pleasure speaking yesterday. If there is interest in selling, let me know the fair level you are looking for and I will push my trading desk to fill. Plenty of time to get a 4th qtr transaction done.

I would keep you in the loop for activity in the case but you seem to have more knowledge than our analysts.

Barrett Mikelberg
Triax Capital/Cantor Special Investments
Bankruptcy and Special Situations
Direct: (561) 893-6296
www.cantor.com

-----Original Message-----
From: bmikelberg@triaxadvisors.com
Sent: Thursday, October 13, 2016 11:55am
To: bmikelberg@triaxadvisors.com
Cc: "Thomas Avallone" <tavallone@planethollywoodintl.com>
Subject: RE: Sale of claims in Caesars Entertainment/Planet Hollywood (Earl Of Sandwich)

Thomas,

Thanks for your patience. I have been out traveling for work. Anyways, here is the unconfirmed recovery for Caesars unsecured below:

Class I Undisputed Unsecured Claims recovery is equal to 6.24% of the claim in cash and 59.26% of the claim in New CEC (Caesars Entertainment Corporation) Convertible Notes. Notes are convertible up to 0.568% of New CEC Common Equity on a fully diluted basis.

Your claim for Earl of Sandwich was filed under the Showboat Atlantic Entity for Caesars. My analyst is looking now to see if recovery applies to this entity. If so, I will give you a clal this afternoon to discuss a market bid.

Barrett Mikelberg
Triax Capital/Cantor Special Investments
Bankruptcy and Special Situations
Direct: (561) 893-6296
www.cantor.com

-----Original Message-----
From: "Thomas Avallone" <TAvallone@planethollywoodintl.com>
Sent: Tuesday, October 4, 2016 1:28pm
To: "bmikelberg@triaxadvisors.com" <bmikelberg@triaxadvisors.com>
Subject: RE: Sale of claims in Caesars Entertainment/Updated Offers (15-01145)

We have an undisputed unsecured claim for $3.5 million.  How much will you pay for it?

**Vice Chairman**
**earl**enterprises™

Planet Hollywood® | Planet Hollywood Hotels® | Buca di Beppo® | Earl of Sandwich® | Planet Dailies® | Mixology101® | CityEye™| Dinner Date®

4700 Millenia Blvd, Suite #400
Orlando, Florida 32839
phone | 407.903.5555   fax | 407.352.7310
email | **tavallone@earlenterprise.com**

**From:** bmikelberg@triaxadvisors.com [mailto:bmikelberg@triaxadvisors.com]
**Sent:** Tuesday, October 04, 2016 1:25 PM
**To:** bmikelberg@triaxadvisors.com
**Subject:** Sale of claims in Caesars Entertainment/Updated Offers (15-01145)

Dear Creditor/Counselor,

Hope all is well. We just wanted to touch base to see if you have interest in selling your claims in Caesras Entertainment  and all other related entities for immediate recovery. The transaction is quick and is executed by Assignment of claim

Unconfirmed Plan:
"Unsecured creditors will receive an increase in recoveries to approximately 66 cents on the dollar, consisting of a combination of cash, an increase in the amount of fully diluted equity in "New CEC" allocated to unsecured creditors, and an increased allocation of convertible notes in "New CEC".

 If you have interest, please confirm the details of the claim and we will firm up a market bid for your consideration. As a leading buyer of claims we can provide a sample form of Assignment if requested.

Keep us in mind with other claims that your group would consider selling at the right price. Feel free to contact me to discuss further.

Barrett Mikelberg
Triax Capital/Cantor Special Investments
Bankruptcy and Special Situations
Direct: (561) 893-6296
www.cantor.com

---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521.

Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

-------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

-------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Ramius LLC nor any of its affiliates ("Ramius") represent that any of the information contained herein is accurate, complete or up to date, nor shall Ramius have any responsibility to update any opinions or other information contained herein.

-------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Ramius LLC nor any of its affiliates ("Ramius") represent that any of the information contained herein is accurate, complete or up to date, nor shall Ramius have any responsibility to update any opinions or other information contained herein.

-------------------------------------------------------------------------------------------------------------------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s)

or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Ramius LLC nor any of its affiliates ("Ramius") represent that any of the information contained herein is accurate, complete or up to date, nor shall Ramius have any responsibility to update any opinions or other information contained herein.
---------------------------------------------------------------------------------------------------------------------
--------------------------------------------------

Disclaimer: This e-mail, including its contents and attachments, if any, is intended only for the individual(s) or entity(s) named within the message. This e-mail may contain confidential information. No oral or written communication (including this email and any attachments thereto) to or with any recipient hereof shall be deemed to expressly or implicitly create, amend, extend or otherwise affect any oral or written agreement previously entered into between the sender, or any entity whom they represent, and any recipient, or any entity whom they represent unless, if such communication is in writing, such communication expressly states that it is intended to create, amend, extend or otherwise affect such agreement. If you are not the named recipient, please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. Copyright and any other intellectual property rights contained herein are the sole property of the sender. E-mail transmission cannot be guaranteed to be secure or error-free.

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Cowen Group, Inc. nor any of its affiliates ("Cowen") represent that any of the information contained herein is accurate, complete or up to date, nor shall Cowen have any responsibility to update any opinions or other information contained herein.

**Miller, Diane**

| | |
|---|---|
| **From:** | Rosenblum, Gail <Gail.Rosenblum@cowen.com> |
| **Sent:** | Thursday, January 12, 2017 1:24 PM |
| **To:** | tavallone@earlenterprise.com |
| **Cc:** | Schwab, Bradly; Mori, John |
| **Subject:** | Sale of Claim in Caesars - Cowen Special Investments |
| **Attachments:** | Earl of Sandwich AOC 2017.01.12.docx |

Good afternoon Thomas,

I am following up to your recent conversations with Brad Schwab regarding your claim in the Caesars Bankruptcy.

Attached you will find a draft document for review. This transaction is subject to the satisfactory completion of due diligence, including confirmation that the claim is an allowed claim. Would you kindly forward the documentation you received from the Debtor confirming this fact. In addition, we will need to receive and review any other documentation you may have supporting the claim.

It appears two claims (numbers 5858 and 5497) have been filed for the Earl of Sandwich (Atlantic City). Would you confirm the status of each claim.

As you know we are working on a tight timeframe and thus are forwarding this draft document for your review, prior to diligence review, completion to include language confirming the claim is allowed, and further review and comment by our counsel.

We would be happy to answer any questions you may have.

Kind regards,
Gail

Gail Rosenblum
Vice President
Cowen Special Investments
830 Third Avenue, 4th Floor
New York, NY 10022
(O): 646-616-3082
Gail.Rosenblum@cowen.com

This message and any attachments are confidential. If you are not the intended recipient, please notify the sender immediately and destroy this email. Any unauthorized use or dissemination is prohibited. All email sent to or from our system is subject to review and retention. Nothing contained in this email shall be considered an offer or solicitation with respect to the purchase or sale of any security in any jurisdiction where such an offer or solicitation would be illegal. Neither Cowen Group, Inc. nor any of its affiliates ("Cowen") represent that any of the information contained herein is accurate, complete or up to date, nor shall Cowen have any responsibility to update any opinions or other information contained herein.

1

## ASSIGNMENT OF CLAIM AGREEMENT

Earl of Sandwich ("Assignor"), for good and valuable consideration does hereby irrevocably sell, convey, transfer and assign to Cowen Special Investments LLC ("Assignee"), all of Assignor's right, title and interest in and to the allowed general unsecured Class I claim of Assignor (the "Claim") against Caesars Entertainment Operating Company Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), administered under Case No. 15-01145 (the "Debtor"), in the currently outstanding principal amount of not less than $3,600,000.00 (the "Claim Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation, (i) the Proof of Claim (as defined below), against the Debtor, (ii) the Assignor's right to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, (iii) any actions, claims, rights or lawsuits of any nature whatsoever, whether against Debtor or any other party, arising out of or in connection with the Claim, (iv) all cash, securities, instruments and other property which may be paid or issued by the Debtor in satisfaction of the Claim and (v) all proceeds of the foregoing (collectively, the "Transferred Rights"). For the avoidance of doubt, the Transferred Rights shall not include any obligations or liabilities of Assignor or any other party. This assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest.

The "Effective Date" shall be the date upon which the last of the following shall have occurred: (i) Assignor and Assignee have executed and delivered to each other this Agreement and the Notice of Transfer (as defined below) and (ii) Assignee shall pay the Purchase Price set forth on Schedule 2 (the "Purchase Price") to Assignor pursuant to the instructions set forth on Schedule Assignee agrees that it shall wire the Purchase Price to Assignor in immediately available funds on the date on which the immediately preceding clause (i) has been satisfied.

1.     PROOF OF CLAIM.  Assignor represents and warrants as of the Effective Date that Proof of Claim, Number 5858 and Proof of Claim, Number 5497, (the "POCs") have been duly and timely filed in the Proceedings and a true and complete copy of the POC is attached to and made a part of this Assignment of Claim Agreement (this "Agreement").  If the POC amount is greater than the Claim Amount, Assignee shall nevertheless be deemed the owner of such POC and of the larger Claim, and shall be entitled to identify itself as owner of such POC in the records of the Court.  Assignor represents and warrants that, other than pursuant to the Order ["Order" needs to be defined.], the Proof of Claim has not been revoked, withdrawn, amended or modified and no rights thereunder have been waived and all statements in such Proof of Claim are true and correct.

2.     ASSIGNOR REPRESENTATIONS AND WARRANTIES.  Assignor further represents, warrants and covenants to Assignee as of the Effective Date: (a) that no payment or other distribution has been received by or on behalf of Assignor in full or partial satisfaction of the Transferred Rights; (b) that Assignor has not previously sold, assigned, participated, pledged or otherwise conveyed the Transferred Rights, in whole or in part, to any party; (c) that Assignor owns and has good and marketable title to the Transferred Rights, free and clear of any and all

liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever ("Liens"), and will transfer to Assignee such good and marketable title free and clear of any Liens; (d) no preference or other avoidance actions have been or may be asserted against Assignor or the Transferred Rights, and no legal or equitable defenses, counterclaims, setoffs or offsets have been or may be asserted by or on behalf of the Debtor to affect the validity or enforceability of, or otherwise adversely affect, the Transferred Rights; (e) Assignor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Assignee receiving in respect of the Transferred Rights proportionately less payments or distributions or less favorable treatment (including the timing of payments or distributions) for the Transferred Rights than will be received on behalf of other allowed general unsecured claims; (f) Assignor is not a party to any agreements or instruments with respect to the Transferred Rights other than the Settlement Agreement dated as of _____ attached to the Order as Exhibit 1 thereto and the agreements between Assignor and the Debtor that form the basis for the Claim; (g) to Assignor's knowledge, Assignor has no obligation or liability related to or in connection with the Claim or the Proceedings; (h) the Claim is a valid, liquidated, non-contingent, non-disputed, allowed, enforceable, general unsecured claim against the Debtor classified as Class I under the Plan; (i) Assignor has timely and properly filed the Proof of Claim; (j) no objection to the Claim or the Transferred Rights has been made or threatened; (k) Assignor is not a party to, or bound by, any document or agreement that could materially and adversely affect the Transferred Rights or Assignee's rights and remedies under this Agreement; (i) the Settlement Agreement is in full force and effect, and neither Assignor nor any party thereto shall terminate the Settlement Agreement; (m) the Settlement Agreement has not been modified or amended, and Assignor agrees not to modify or amend the Settlement Agreement; (n) Assignor has fully performed and satisfied (and shall continue to fully perform and satisfy) all of its obligations to the Debtor and the other parties under the Settlement Agreement, and Assignee has not breached and shall not breach any terms or provisions of Settlement Agreement; and (o) Assignor voted in respect of the Claim on a Class I ballot in favor of the Debtor's Third Amended Plan of Reorganization on or before the voting deadline.

Assignor is aware that the Purchase Price received herein for the sale of the Transferred Rights may differ both in kind and amount from any distributions ultimately made pursuant to any plan of reorganization confirmed by the Court in the Proceedings.  Assignor acknowledges that, except as set forth in this Agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Transferred Rights.

3.     "MUTUAL REPRESENTATIONS AND WARRANTIES".   Each of party hereby represents and warrants to each other as of the Effective Date that: (a) it has full power and authority and has taken all action necessary to execute and deliver this Agreement and the Notice of Transfer (as defined below) and to fulfill its obligations hereunder and to consummate the transactions contemplated hereby; (b) the making and performance by it of this agreement does not and will not violate any law or regulation of the jurisdiction under which it exists, any other law applicable to it or any other agreement to which it is a party or by which it is bound; (c) this Agreement has been duly and validly authorized, executed and delivered by it and is legal, valid, binding and enforceable against it in accordance with its terms except that the enforceability may

CONFIDENTIAL
WBA-0000177

be limited by bankruptcy, insolvency or laws governing creditors rights; (d) no consent, approval, filing or corporate, partnership or other action is required as a condition to or in connection with execution delivery and performance of this Agreement and the transactions contemplated herein; (e) it is an "accredited investor" as such terms is defined in Regulation D under the Securities Act of 1933, as amended, and (f) it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings in order to make an informed decision regarding the sale of the Transferred Rights, and that it has independently and without reliance on the other party, and based on such information as it has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Agreement.

4.    <u>BIG BOY CLAUSE</u>.  Each party acknowledges that (i) the other currently may have, and later may come into possession of, information on the Transferred Rights, Debtor, or Debtor's affiliates or the status of the Proceedings that is not known to it and that may be material to a decision to buy or sell the Transferred Rights and all related rights (as appropriate) (the "<u>Excluded Information</u>"), (ii) it has not requested the Excluded Information, and has agreed to proceed with the purchase or sale of the Transferred Rights and all related rights (as appropriate) hereunder without receiving the Excluded Information, and (iii) the other party shall have no liability to it, and each party waives and releases any claims that it might have against the other party or the other party's affiliates, employees, agents, representatives, and their respective successors, assigns or designees whether under applicable securities laws or otherwise, with respect to the nondisclosure of the Excluded Information; <u>provided</u>, <u>however</u>, that each party's Excluded Information shall not and does not affect the truth or accuracy of such party's representations or warranties in this Agreement.

5.    <u>FAILURE OF TRANSFER OF CLAIM</u>.  If (i) a Final Order (as defined below) is entered disapproving the transfer of the Claim, or (ii) the Court does not substitute Assignee for Assignor as the holder of the Claim, then, Assignor shall, upon written demand by Assignee, repay to Assignee all amounts of the Purchase Price received by Assignor at or prior to the time of such repayment, and the transfer of the Claim and the Transferred Rights to Assignee shall be null and void *ab initio*.

A "Final Order" means an order of the Court which fully and finally determines the amount and the priority of the Claim and which does not preserve for any party the right to seek to re-determine the amount or priority of such Claim and which has not been reversed, stayed, modified, or amended and as to which (a) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed in a manner that does not affect the Courts' determination of the allowed amount or treatment of the Claim or (b) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed.

6.    INDEMNITY.  Assignor agrees to indemnify, defend, reimburse and hold Assignee and its affiliates and its and their officers, directors, partners, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, judgments, costs, penalties, expenses and liabilities, including, without limitation, attorneys' fees and expenses, which are incurred by or threatened against, on account of or in any way resulting from or

-3-

                                                                                                 WBA-0000178

relating to (i) Assignor's breach of any of Assignor's representations, warranties, covenants or agreements set forth herein, and/or (ii) any obligation of Assignor or Assignee to disgorge, in whole or in part, or otherwise reimburse (by setoff or otherwise) Debtor or any other person or entity for any payments, distributions, property, setoffs or recoupments received, applied or effected by or for the account of Assignor under or in connection with the Transferred Rights or otherwise from, against or on account of Debtor or any of its guarantors or affiliates or any person or entity obligated in respect thereof.

Assignee agrees to indemnify, defend, reimburse and hold Assignor and its affiliates and its and their officers, directors, partners, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, judgments, costs, penalties, expenses and liabilities, including, without limitation, attorneys' fees and expenses, which are incurred by or threatened against, on account of or in any way resulting from or relating to Assignee's breach of any of Assignee's representations, warranties, covenants or agreements set forth herein.

7.   ATTORNEY-IN-FACT; SETTLEMENT OF THE CLAIM: FURTHER ACTIONS. Assignor hereby irrevocably appoints Assignee as its true and lawful attorney-in-fact solely with respect to the Transferred Rights, and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become due and payable for, or on account of the Transferred Rights herein assigned. Assignor hereby grants unto Assignee full authority to do all things necessary to enforce the Transferred Rights and Assignor's rights there under. Assignor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Assignee. In the event an objection to the Claim is received, Assignor shall immediately notify Assignee in writing and shall take such further action, at its own expense, as may be necessary or desirable to effect the Assignment of Claim and any payments or distributions on account of the Transferred Rights to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor shall not compromise or settle the Transferred Rights or change the Transferred Rights amount without the prior written consent of Assignee. In performing any of its obligations under this section and in otherwise complying with its obligations under this Agreement, Assignor and Assignee hereby covenant and agree to act reasonably at all times and to maximize the amount of the claim and to minimize the amount of time in which all components of the Transferred Rights are quantified and paid.

Assignor agrees to promptly forward to Assignee all notices received from the Debtor, the Court or any third party with respect to the Transferred Rights assigned herein, to vote the Transferred Rights assigned herein in a timely manner and in accordance with Assignee's instructions, and to take such further action with respect to the Transferred Rights in the Proceedings as Assignee may from time to time request.

Assignor further agrees that if Assignor receives any distributions on account of the Transferred Rights, whether in the form of cash, securities, instruments or any other property, the aforementioned shall constitute property of the Assignee to which the Assignee has an absolute right. Assignor shall hold such property in trust and will at its own expense, deliver to Assignee any such property in the same form received, together with any endorsements or documents

CONFIDENTIAL                                    WBA-0000179

necessary to transfer such property to Assignee within 2 business days of receipt in the case of cash and five business days in the case of securities.

8.  <u>FURTHER ASSIGNMENT</u>.  Assignor hereby acknowledges that Assignee may at any time reassign any or all of the Transferred Rights, together with all right, title and interest of Assignee in and to this Agreement.  All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; <u>provided</u>, <u>however</u>, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied.

9.  <u>LATE PAYMENT</u>  If either party fails to make a payment or distribution to the other party within the time period specified in this Agreement, the party failing to make full payment of any amount when due shall, upon demand by the other party, pay such amount due amount together with interest on it for each day from (and including) the date when due to (but excluding) the date when actually paid at a rate equal to the 8.0%.

10.  <u>JURISDICTION</u>.  The laws of the State of New York shall govern this Agreement.  Each party submits to the jurisdiction of the courts located in the County of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts.  Each party hereto consents to service of process by certified mail at its address listed above, and in any action hereunder, Assignor waives any right to demand a trial by jury.  This Agreement may be executed in any number of counterparts (via facsimile is satisfactory), each of which, when so executed and delivered, shall be an original, but all of which, together constitute one and the same instrument.

11.  <u>WAIVER OF JURY TRIAL</u>.  THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).  EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

12.  <u>CONSENT AND WAIVER</u>.  Assignor hereby acknowledges and consents to all terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Bankruptcy Rule 3001(e), and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Rights.  Assignee agrees to file a Notice of Transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) (the "<u>Notice</u>

CONFIDENTIAL
WBA-0000180

of Transfer") including the Evidence of Transfer of Claim substantially in the form attached hereto as Exhibit A.

13.   NOTICES; WIRE INSTRUCTIONS.   All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth on Schedule 1, or such other address as may be furnished hereafter by notice in writing.  All payments by Assignor to Assignee and Assignee to Assignor under this Agreement shall be made in the lawful currency of the United States by wire transfer of immediately available funds to Assignor and Assignee, as applicable, in accordance with the wire instructions specified on Schedule 1.

14.   UNDERSTANDING.  This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written.   There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein.  This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement.  No amendment of any provision of this Assignment shall be effective unless it is in writing and signed by the parties and no waiver of any provision of this Assignment, nor consent to any departure by either party from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall effective only in the specific instance and for the specific purpose for which given.

15.   CONFIDENTIALITY. Each Party agrees to maintain the confidentiality of this Agreement except to the extent (a) required or advisable to enforce or preserve such Party's rights hereunder or (b) required or requested pursuant to applicable law, regulation, or by the order of any court or governmental authority of competent jurisdiction; provided that either Party may disclose this Agreement and the transactions contemplated hereby to their legal counsel and other professionals and representatives, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein, and provided further that Assignee may disclose this Agreement (but not the purchase rate or the purchase price) to potential purchasers, transferees, assignees or participants ("Transferees") provided that such Transferees have agreed to be bound by confidentiality provisions no less restrictive than contained herein.

*(Signatures on the following page)*

CONFIDENTIAL                                                                                    WBA-0000181

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this ___ day of January, 2017.

ASSIGNOR
**EARL OF SANDWICH (ATLANTIC CITY) LLC**

By:_____

ASSIGNEE
**COWEN SPECIAL INVESTMENTS LLC**

By:_____
Name:
Title:

CONFIDENTIAL                                                                WBA-0000182

## Schedule 1

**Assignor Wire Information:**

**Assignor Notice Information**

**Assignee Wire Information:**

**Assignee Notice Information:**

CONFIDENTIAL

WBA-0000183

## **Schedule 2**

<u>Purchase Price</u>

Claim Amount:             <u>$3,600,000.00</u>

Purchase Rate:            59.7222%

Purchase Price:           $2,150,000.00

CONFIDENTIAL                                                                          WBA-0000184

# Exhibit A

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Earl of Sandwich (Atlantic City) LLC ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Cowen Special Investments LLC ("Assignee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), against Caesars Entertainment Operating Company, Inc. (the "Debtor"), the debtor in Case No. 15-01145 ("Case") pending in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (No. 5858 and No. 5497) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claims.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of January 2017.

**EARL OF SANDWICH (ATLANTIC CITY) LLC**

By: _____
Name:
Title:

**COWEN SPECIAL INVESTMENTS LLC**

By: _____
Name:
Title:

-10-

**To:**       Specken, Scott[SSpecken@whiteboxadvisors.com]
**From:**     joe sarachek
**Sent:**     Wed 6/7/2017 7:58:15 PM
**Subject:**  Re: Caesars claim

Sure, it's the Earl of Sandwich's claim

- Joe
  212.365.8792


On Jun 7, 2017, at 3:36 PM, Specken, Scott <SSpecken@whiteboxadvisors.com> wrote:

> Hi Joe  – I can pass this along to the guys who would be looking over stuff like this.  Do you have a claim number or anything I can give them for context?
>
> ――――――――――――――――――――――――――――――――――――――――
> **From:** Joseph Sarachek [mailto:jsarachek@triaxadvisors.com]
> **Sent:** Wednesday, June 07, 2017 1:48 PM
> **To:** Specken, Scott <SSpecken@whiteboxadvisors.com>
> **Subject:** Caesars claim
>
> Scott, don't remember if we spoke to one another while I was at CRT but one of my sourcers has a $3MM allowed claim.  If you are interested please let me know. Thanks, Joe
> <image001.png>
> Joseph Sarachek
> jsarachek@triaxadvisors.com
> 212 365-8792

Confidentiality Notice and Disclaimer: This email and the information contained herein is confidential and is intended solely for the recipient. This email may contain information that is privileged or otherwise protected from disclosure. Delivery of this email or any of the information contained herein to anyone other than the recipient or his or her designated representative is unauthorized and any other use, reproduction, distribution or copying of this email or the information contained herein, in whole or in part, without the prior written consent of Whitebox Advisors LLC or its affiliates is prohibited. This email is not to be construed as investment advice. If you have received this message in error, please notify the sender immediately and delete this message and any related attachments.

This email and the information contained herein shall not constitute an offer to sell or the solicitation of an offer to purchase an interest in a fund. Any such offer or solicitation will be made to qualified investors only by means of an offering memorandum and related subscription agreement. Any performance information contained herein may be unaudited and estimated. Past performance is not necessarily indicative of future results. There can be no assurance that any fund's investment objective will be achieved or that an investor will not lose a portion or all of its investment.

WBA-0000188